## JAMES RANDALL DAVIS *v.* COMMISSIONER OF CORRECTION
### (14183)
### (14303)

O'Connell, Foti and Heiman, Js.

Argued October 26—decision released November 28, 1995

*Mary Haselkamp*, assistant public defender, with whom, on the brief, was *Paula Mangini Montonye*, assistant public defender, for the appellant in the first appeal (petitioner).

*James A. Shanley, Jr.*, for the appellant in the second appeal (petitioner).

*Lawrence J. Tytla*, assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (respondent).

PER CURIAM. The petitioner appeals from two decisions of the habeas court dismissing his writs of habeas corpus. Both cases were argued before this court on the same day. Appeal 14303 arises out of the petitioner's convictions of robbery in the first degree, threatening, and accessory to kidnapping with a firearm in April, 1991. The genesis of appeal 14183 is the petitioner's convictions of robbery in the first degree and theft of firearm in August, 1991.

A common issue is presented by both appeals and we therefore consider them together. After a review of the records and briefs, and after considering the oral

arguments, we conclude that the petitioner has not made a substantial showing in either case that he has been denied a state or federal constitutional right or sustained the burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The habeas court's dismissals of the petitioner's claims were predicated on the credibility of the witnesses. The habeas court's findings were not contested on appeal; the petitioner did not file motions to correct or motions for articulation. See *Bush* v. *Commissioner of Correction*, 37 Conn. App. 930, 657 A.2d 724 (1995). Our review of the underlying historical facts found by the habeas court leads us to conclude that they are not clearly erroneous. *McKnight* v. *Commissioner of Correction*, 35 Conn. App. 762, 765, 646 A.2d 305, cert. denied, 231 Conn. 936, 650 A.2d 173 (1994).

The appeals are dismissed.[1]

---

[1] In appeal 14303, the petitioner also has requested that, should we "not find abuse of discretion or error in the habeas court's decision regarding the right to appeal," we "should exercise [our] supervisory authority as set forth in the Practice Book [§] 4138 (6) to allow a late appeal." We deem this request to be improper as part of this appeal and take no action.