JULIUS BROWN *v.* COMMISSIONER OF CORRECTION (16034)

O'Connell, Foti and Freedman, Js.

Argued February 26—officially released April 15, 1997

*William S. Palmieri*, for the appellant (petitioner).

*James A. Killen*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher Alexy*, assistant state's attorney, for the appellee (respondent).

FOTI, J. The petitioner appeals from the trial court's dismissal of his writ of habeas corpus. He challenges the court's determination that a prior court's denial of an ineffective assistance of counsel claim brought by way of a petition for a new trial is res judicata with respect to that same claim asserted in the present petition. We affirm the judgment of the habeas court.

The following facts are relevant to this appeal. The petitioner was convicted, after a jury trial in the judicial district of New Haven, of a number of offenses. On April 17, 1992, he was sentenced to be confined for a total effective sentence of twenty-two years. He thereafter filed an appeal[1] and a petition for a new trial. At the evidentiary hearing for his petition for a new trial, the petitioner represented himself. He claimed that his trial counsel was incompetent because he was taking medication, that counsel failed to cross-examine witnesses adequately and failed to obtain medical documents that would have assisted the defense. The trial

---

[1] *State* v. *Brown*, 35 Conn. App. 699, 647 A.2d 17, cert. denied, 231 Conn. 932, 649 A.2d 254 (1994).

court, *DeMayo, J.*, rejected these claims on August 31, 1992, and found that the petitioner had received adequate assistance of counsel, that the petitioner had no viable defenses and that he was in no way prejudiced by his counsel's representation. On November 17, 1992, the petitioner filed a petition for a writ of habeas corpus and, on November 1, 1995, he filed an amended petition. His only claim involved ineffective assistance of trial counsel. Specifically, he claimed that trial counsel failed (1) to conduct an adequate pretrial investigation, (2) to demand that the exact times that the alleged offenses were committed be specified in the information or in a bill of particulars, (3) to demonstrate to the jury that the alleged victim had lied, (4) to prove to the jury that the petitioner had been the victim of assault and unreasonable force by one or more of the arresting officers, and (5) to prepare and to submit an adequate and proper request to charge the jury. He also alleged that prior to and during the trial his attorney was terminally ill and was disoriented and confused as a result of medication.

On November 8, 1995, the respondent filed a motion to dismiss the petitioner's amended petition, citing Practice Book § 529H (3) and (5)[2] and invoking the doctrines of res judicata and collateral estoppel. The habeas court, in a thorough and well reasoned memorandum of decision, dismissed the petition on May 6, 1996, concluding that the petitioner's habeas claims were barred by the principle of res judicata.

The petitioner argues that a claim of ineffective assistance of counsel must be resolved in a habeas corpus

---

[2] Practice Book § 529H provides in relevant part: "The court may, at any time . . . dismiss the petition . . . if it determines that . . .

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . .

"(5) any other legally sufficient ground for dismissal of the petition exists."

proceeding, where the standard of proof is greater than in a petition for a new trial, therefore affording him greater protection. He also argues that as a pro se litigant he should be entitled to less strict construction of the law so as to allow his claims to be heard fully and fairly. We do not agree.

"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties] on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it.

"[Our Supreme Court has] adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata. . . . [W]e compare the complaint in the second action with the pleadings and the judgment in the earlier action. . . . The judicial [doctrine] of res judicata . . . [is] based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . [W]here a party has fully and fairly litigated his claims, he may be barred from future actions on matters not raised in the prior proceeding." (Citations omitted; internal quotation marks omitted.) *Fink* v. *Golenbock*, 238 Conn. 183, 191–93, 680 A.2d 1243 (1996); *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, 236 Conn. 582, 589–92, 674 A.2d 1290 (1996).

The purpose of a law suit is not only to do substantial justice but also to bring an end to controversy. *Orselet*

v. *DeMatteo*, 206 Conn. 542, 550, 539 A.2d 95 (1988). Res judicata is a doctrine grounded in public policy, whose primary function is to prevent the relitigation of issues already decided in a court of competent jurisdiction. *Dunham* v. *Dunham*, 221 Conn. 384, 391, 604 A.2d 347 (1992). The doctrine applies to criminal as well as civil proceedings and to state habeas corpus proceedings, including matters previously litigated in federal court. *McCarthy* v. *Warden*, 213 Conn. 289, 294–98, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d 667 (1990).

This case presents a clear example of the type of relitigation that the doctrine of res judicata is designed to prevent. We determine, as did the habeas court, that the judgment rendered by the trial court in the prior action, involving the petition for a new trial, constituted a judgment on the merits of the issue of ineffective assistance of counsel. We conclude, therefore, that the petitioner's habeas action is barred by the doctrine of res judicata. We also conclude that the habeas court properly determined that there was no meaningful difference between the claim litigated in the petition for a new trial and that asserted in the habeas proceeding.

The habeas court, in acting on the respondent's motion to dismiss, accepted as evidence a transcript of the proceedings before the trial court at the petitioner's petition for a new trial, along with the memorandum of decision in the judgment rendered by that court. At the hearing on the petition for a new trial, the petitioner informed the court that he intended to prove that his trial counsel was taking a mind altering drug at the time he was representing the petitioner in his trial, and that trial counsel was "inadequate." The petitioner then called his trial counsel as a witness, whom he questioned extensively concerning not only medication taken during the trial, but also his pretrial activities, including whether he had obtained the police report,

the victim's statements and the results of medical tests performed on the petitioner after his arrest.[3] The petitioner argued that trial counsel had not conferred with him adequately before trial, had failed to raise self-defense and diminished capacity as issues and had not adequately cross-examined the complaining witness at trial in regard to her own police record.

The trial court informed the petitioner that his burden was "to show two things, that this performance was substandard and that it caused you to be convicted." The court stated that "[i]f this were a habeas corpus proceeding, that would be what you would be trying to prove. Here, you're trying to show through his performance [that] a grave injustice was done, and you were improperly and unjustly convicted."

In its analysis of the petition for a new trial, the trial court specifically determined that "it is appropriate for the court to deal with the overall issue of adequate representation." The court expressed its view that the evidence against the petitioner at trial was overwhelming and that trial counsel had made the most of a difficult situation.

The petitioner conceded, at oral argument, that a claim of ineffective assistance of counsel can be raised in a petition for a new trial. He claims, however, that he raised additional issues before the habeas court than he did before the prior court. We find this argument to be without merit. He had a fair hearing before that prior court, and his claims were fully litigated. He is, therefore, barred from any future actions on matters raised or that could have been raised in the first proceeding. See *Delahunty* v. *Massachusetts Mutual Life Ins. Co.*, supra, 236 Conn. 592. A judgment is final not

[3] The petition for a new trial contained in a second count a separate claim that trial counsel had failed to obtain and to use as evidence medical documents that could have assisted in his defense.

only as to every matter that was presented to sustain the claim, but also as to any other admissible matter that might have been offered for that purpose. *State* v. *Aillon*, 189 Conn. 416, 423–24, 456 A.2d 279, cert. denied, 464 U.S. 837, 104 S. Ct. 124, 78 L. Ed. 2d 122 (1983).

We conclude that because the petitioner has attempted to assert, in his habeas petition, a claim that has previously been adjudicated fully on its merits, the habeas court properly dismissed his petition.[4]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] We find it unnecessary to review the petitioner's meritless claim that because he represented himself at the hearing for his petition for a new trial, he is in some way entitled to greater protection of the law.