[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#109)
The issue presented is whether the doctrines of res judicata and collateral estoppel preclude this court from considering the plaintiff's claims for retaliatory discharge and discipline and for intentional infliction of emotional distress, and whether, therefore, the defendant is therefore entitled to judgment as a matter of law.
 I.
I grant the defendant's motion for summary judgment as to count one of the plaintiff's complaint on the ground that the doctrines of res judicata and collateral estoppel preclude the plaintiff from litigating his claim for retaliatory discharge and discipline under General Statutes § 31-51q. I also grant the defendant's motion for summary judgment as to count two of the complaint on the ground that the plaintiff has failed, as a matter of law, to allege and demonstrate extreme and outrageous conduct on the part of the defendant to support a cause of action for intentional infliction of emotional distress.
I. FACTUAL AND PROCEDURAL HISTORY
On August 31, 1996, the plaintiff filed a two count complaint against the defendant, alleging retaliatory discharge and discipline in violation of General Statutes § 31-51q[1] and intentional infliction of emotional distress. Specifically, the plaintiff alleges that in retaliation for the plaintiff's having CT Page 10646 filed numerous complaints about alleged job site safety violations with the defendant corporation and with responsible regulatory agencies, the defendant imposed a series of harsh and unfair penalties upon the plaintiff and ultimately discharged him in June, 1994.[2] In addition to the present action, the plaintiff filed a complaint against the defendant before the Department of Labor, alleging a similar claim under the Energy Reorganization Act, 42 U.S.C. § 5851 ("ERA").[3]
A ten day hearing was held before Administrative Law Judge, David W. DiNari ("ALJ"), in which the parties were given the opportunity to present their witnesses, documentary evidence, oral arguments, and briefs. On December 1, 1995, the ALJ issued a recommended decision and order, that included a number or findings of fact and conclusions of law. (Recommended Decision and Order, attached as the Defendant's Exhibit A, "Exhibit A".) Specifically, the ALJ found that the plaintiff had a poor attendance record (Exhibit A, p. 20, ¶ 4-7), that he had an uncooperative attitude (Exhibit A, p. 20, ¶ 8), that his "performance in 1991 was deplorable" (Exhibit A, p. 22, ¶ 21), that he was missing from work on a number of occasions (Exhibit A, p. 26-27, ¶ 50-56; p. 35, ¶ 96), and that he was caught sleeping on the job on several occasions (Exhibit A, p. 24-25, ¶ 40-41; p. 33, ¶ 85). Moreover, the ALJ found that the plaintiff had committed perjury during the proceedings (Exhibit A, p. 25, ¶ 42, 44), that he was untruthful (Exhibit A, p. 21, ¶ 18; p. 36, ¶ 101) and that "he provided a series of false and misleading statements" to a Department of Labor Investigator (Exhibit A, p. 26, ¶ 44). Additionally, it was found that with regard to the plaintiff's suspension, his "raising of safety concerns played no role in his discipline." (Exhibit A, p. 28, ¶ 60-61.)
The ALJ concluded that the plaintiff "failed to provide any evidence, circumstantial or direct, linking his raising of safety concerns with his discipline and termination." (Exhibit A, p. 19.) The defendant "proved that it terminated [the plaintiff's] employment because of his repeated acts of misconduct" (Exhibit A, p. 37, ¶ 3) and that "it would have terminated [the plaintiff's] employment irrespective of any protected activity by [the plaintiff.]" (Exhibit A, p. 38, ¶ 5.) "The overwhelming weight of evidence proves that [the defendant's] sole motive for terminating [the plaintiff] was its conclusion that [the plaintiff's] egregious conduct on June 17, 1994, the final straw in his relationship with [the defendant,] warranted termination." CT Page 10647 (Exhibit A, p. 38.) The ALJ recommended that the complaint be dismissed with prejudice. (Exhibit A, p. 38.) This decision was later adopted by the Administrative Review Board as "factually and legally sound."[4] (Final Decision and Order, attached as the Defendant's Exhibit B, p. 2, "Exhibit B".)
The defendant now moves for summary judgment on the ground that the decision of the ALJ precludes further consideration of the plaintiff's claims in the present case because of the doctrines of res judicata and collateral estoppel and therefore, there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law. The defendant has submitted a memorandum of law in support of its motion for summary judgment and the plaintiff has filed a memorandum of law in opposition.
II. STANDARD FOR SUMMARY JUDGMENT
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Great Country Bank v.Pastore, 241 Conn. 423, 435, (1997).
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata." Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). See alsoJoe's Pizza, Inc. v. Aetna Life Casualty Co., 236 Conn. 863,867 n. 8, 675 A.2d 441 (1996) (holding that "summary judgment is an appropriate vehicle for raising a claim of res judicata . . . ." (Citations omitted.)
Before addressing the arguments of the parties, I first examine the issue of whether the doctrines of res judicata and collateral estoppel apply to a decision by an administrative tribunal. The governing rule is that "a valid and final adjudicative determination by an administrative tribunal has the same effects under the rules of res judicata, subject to the same exceptions and qualifications, as a judgment of the court." (Internal quotation marks omitted.) New England RehabilitationHospital of Hartford, Inc. v. CHHC, 226 Conn. 105, 129, CT Page 10648627 A.2d 1257 (1993). "A crucial test for the vitality of an administrative decision for the purpose of testing whether it should be equated with a judicial decision is whether there was access to judicial review of the administrative decision." Greenv. General Dynamics Corp. , 44 Conn. App. 112, 122-23,687 A.2d 550 (1996), cert. granted, 240 Conn. 916, 692 A.2d 813 (1997).
The plaintiff in the present case filed a complaint with the United States Department of Labor, alleging that his employer discharged him in violation of 42 U.S.C. § 5851, of the Energy Reorganization Act. This Act expressly provides that "[a]ny person adversely affected or aggrieved by an order issued under subsection (b) of this section may obtain review of the order in the United States court of appeals for the circuit in which the violation, with respect to which the order was issued, allegedly occurred." 42 U.S.C. § 5851(c)(1). On March 31, 1997, the Administrative Review Board issued a final order dismissing the plaintiff's complaint with prejudice. Although the plaintiff did not seek court review of this decision, the opportunity for such review was clearly available. Accordingly, the decision of the Administrative Review Board is a valid final judgment, and the doctrines of res judicata and collateral estoppel are applicable.
III. RES JUDICATA
"[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim [or anyclaim based on the same operative facts that] might have been made. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding . . . ." (Citations omitted; emphasis added; internal quotations marks omitted.)Connecticut National Bank v. Rytman, 241 Conn. 24, 43, (1997).
"A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted.) Delahunty v. Massachusetts
CT Page 10649Mutual Life Ins. Co., 236 Conn. 582, 589, 674 A.2d 1290 (1996). The doctrine of res judicata is "based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." Id., 591.
In applying this test to the case at hand, it becomes necessary to determine whether there was a former judgment on the merits between the same parties. "A judgment on the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction or form. . . . A decision with respect to the rights and liabilities of the parties is on the merits where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends." Rosenfield v. Cymbala,43 Conn. App. 83, 91-92, 681 A.2d 999 (1996).
Both the action before the ALJ and the present action involve the same plaintiff, Clarence O. Reynolds, and the same defendant, Northeast Nuclear Energy Company. In the prior action, the ALJ concluded that the defendant "proved by clear and convincing evidence that it terminated [the plaintiff's] employment for legitimate, nondiscriminatory reasons" (Exhibit A, p. 37, ¶ 2) and therefore the plaintiff "failed to sustain his ultimate burden of proof." (Exhibit A, p. 38, ¶ 6.) The ALJ also concluded that the plaintiff failed to provide evidence "linking his raising of safety concerns with his discipline and termination." (Exhibit A, p. 19.) Because this decision is based upon the legal rights of the plaintiff and upon which the plaintiff's right to recovery depends, it is evident that the decision of the ALJ, as affirmed by the Administrative Review Board, constitutes a former judgment on the merits between the same parties.
The next consideration is whether the later action involves the same claim. "[The Connecticut Supreme Court has] adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata." Brown v. Commissionerof Correction, 44 Conn. App. 746, 749, 692 A.2d 1285 (1997). "In applying the transactional test, [the court compares] the complaint in the second action with the pleadings and the judgment in the earlier action."[5] Id.
The plaintiff argues in opposition to the defendant's motion for summary judgment that proceedings under the ERA cannot affect CT Page 10650 state law claims. Specifically, the plaintiff cites to the provision that states that "[t]his section may not be construed to expand, diminish, or otherwise affect any right otherwise available to an employee under Federal or state law to redress the employee's discharge or other discriminatory action taken by the employer against the employee." 42 U.S.C. § 5851(h).
The defendant argues in support of its motion for summary judgment that the plaintiff's claim under General Statutes §31-51q and under the ERA are essentially the same, and that the "plaintiff is simply using 31-51q to attempt to circumvent the ALJ's well reasoned decision." (Defendant's Memorandum in Support, p. 12.)
The cases cited by the plaintiff in support of his arguments involve the issues of the exhaustion of administrative remedies and preemption of state law claims. Those cases therefore, dealt with issues which are not apposite to the present action. Moreover, the requirement that the ERA not be construed to expand or diminish state law claims has been interpreted by at least one Superior Court to relieve a party from the need to exhaust administrative remedies under the ERA before bringing a state law claim.[6] The plaintiff has cited no cases, nor did the court's own research reveal any, in which this provision has been interpreted to override the well established doctrines of res judicata and collateral estoppel.
General Statutes § 31-51q and the ERA provide basically the same protection to an employee. The former protects an employee from discharge or discipline on account of the employee having exercised his constitutional right to free speech, while the latter protects an employee from discharge or discrimination by an employer on account of the employee having reported violations under the act or having assisted in proceedings under the act. Additionally, the free speech and protected activity alleged to have been violated in both claims concern the same activity of the plaintiff, namely, his filing of complaints with his employer and regulatory agencies concerning alleged safety violations of the defendant.
Furthermore, even if these statutes were viewed differently, res judicata is still applicable. A comparison of count one of the complaint in this action with the judgment in the previous action reveals that the plaintiff's claims in both involve the "same operative facts" and allegations of retaliatory discharge CT Page 10651 and discipline. See Connecticut National Bank v. Rytman, supra,241 Conn. 43. These facts and allegations were thoroughly reviewed by the ALJ and found to be without merit. Accordingly, I conclude that the plaintiff's present cause of action under General Statutes § 31-51q and his previous one under the ERA involve essentially the same claim based on the same operative facts, so as to trigger the operation of the doctrine of res judicata.
Finally, it is necessary to determine whether the plaintiff had adequate opportunity to litigate this claim in the prior proceeding. Because the ALJ conducted a ten day hearing, in which the parties were given the opportunity to present their witnesses, documentary evidence, oral arguments and briefs, and because the plaintiff had the opportunity to seek judicial review of the ALJ s decision, I conclude that plaintiff had an adequate opportunity to litigate his claim in the prior proceeding.[7]
Accordingly, because the prior action under the ERA involved the same parties, resulted in a final judgment on the merits, involved the same claim, and because the plaintiff was given an adequate opportunity to litigate this claim, I find that the plaintiff's claim for retaliatory discharge and discipline under General Statutes § 31-51q is barred under the doctrine of res judicata. Accordingly, the defendant is entitled to judgment as a matter of law on count one of the plaintiff's complaint.
Count two of the plaintiff's complaint alleges intentional infliction of emotional distress. "In order for the plaintiff to prevail in a case for liability . . . [for intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct, was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Peyton v. Ellis,200 Conn. 243, 253, 510 A.2d 1337 (1986).
Because a claim for intentional infliction of emotional distress is different from a claim for retaliatory discharge and discipline, I conclude that the doctrine of res judicata does not preclude the plaintiff from litigating this claim. CT Page 10652
IV. COLLATERAL ESTOPPEL
"[C]ollateral estoppel precludes a party form relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim." Mazziotti v. AllstateInsurance Co., 240 Conn. 799, 812, (1997).
"[T]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." Id. "In order for collateral estoppel to apply . . . there must be an identity of the issues, that is, the prior litigation must have resolved the same legal or factual issue that is present in the second litigation." (Internal quotation marks omitted.) Connecticut National Bank v.Rytman, supra, 241 Conn. 38.
The plaintiff argues that this requirement is not satisfied because the administrative hearing was limited to the question of whether there was a valid basis for termination and not whether a violation of the plaintiff's rights under General statutes §31-51q occurred. The plaintiff also argues that the ALJ did not address the issue of whether the defendant intentionally caused emotional distress to the plaintiff.
Although the present cause of action was brought under General Statutes § 31-51q, like the action under the ERA, it involves the issue of whether the defendant fired or disciplined the plaintiff in retaliation for the plaintiff having filed complaints with regulatory agencies concerning alleged safety violations of the defendant. The plaintiff alleges that "no findings of fact were made in [the administrative] proceeding as to whether the treatment of the plaintiff during his employ was due to the exercise of his protected speech in filing these complaints." (Plaintiff's Memorandum in Opposition.)
Contrary to this assertion, the ALJ expressly concluded that the plaintiff "failed to provide any evidence, circumstantial or direct, linking his raising of safety concerns with his discipline and termination." (Exhibit A, p. 19.) The ALJ also found that with regard to the plaintiff's suspension, his "raising of safety concerns played no role in his discipline." (Exhibit A, p. 28, ¶ 61.) The ALJ also concluded that the defendant "proved by clear and convincing evidence that it would have terminated [the plaintiff's] employment irrespective of any CT Page 10653 protected activity by [the plaintiff.]" (Exhibit A, p. 38, ¶ 5) Finally, the ALJ found that the defendant's actions in terminating the plaintiff and in placing the plaintiff on a performance improvement program were justified in light of the plaintiff's repeated acts of misconduct. (Exhibit A, p. 37, ¶ 3; p. 23-24, ¶ 31-38.) In fact, the ALJ thoroughly reviewed the facts relating to the plaintiff's claim that the defendant made false accusations that the plaintiff left work early, and concluded that the plaintiff perjured his testimony during the proceedings. (Exhibit A, p. 36, ¶ 101.) Based on the foregoing, I find that the factual issues sought to be litigated in count one of the present action are identical to those considered in the proceeding before the ALJ.
For an issue to be subject to collateral estoppel, it must have been "actually decided and the decision must have been necessary to the judgment." Delahunty v. Massachusetts MutualLife Ins. Co., supra, 236 Conn. 600. "An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. . . . An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Citations omitted; internal quotation marks omitted.) Id. "If the issue has been determined but the judgment is not dependent upon the determination of the issue, the parties, may relitigate the issue in a subsequent action." (Internal quotation marks omitted.) Id.
Because I find that the present litigation involves the identical issues as those presented to the ALJ, and because the ALJ thoroughly reviewed these issues after conducting a ten day hearing, I further find that the issue of retaliatory discharge and discipline in count one of the plaintiff's complaint was actually decided. Furthermore, because in the absence of a determination that the defendant had legitimate reasons for terminating the plaintiff's employment a valid judgment dismissing the complaint could not have been rendered, it inexorably follows that the issue of retaliatory discharge and discipline was necessarily decided.
Furthermore, "[f]or an issue to be subject to collateral estoppel, it must have been fully and fairly litigated." (Internal quotation marks omitted.) Connecticut Natural Gas Corp.v. Miller, 239 Conn. 313, 324, 684 A.2d 1173 (1996). "In discussing what constitutes `full and fair litigation' for the CT Page 10654 purposes of collateral estoppel, [the court] has stated that if the nature of the hearing carries procedural limitations that would not be present at a later hearing, the party might not have a full and fair opportunity to litigate." (Internal quotation marks omitted.) Id.
Because the ALJ conducted a ten day hearing, in which the parties were allowed to present their witnesses, documentary evidence, oral arguments and briefs, and the nature of that hearing did not carry any procedural limitations that would not be present at a later hearing, it is evident that the plaintiff had a full and fair opportunity to litigate the issue presented in count one and therefore, collateral estoppel applies.
Finally, the Appellate Court has held that for collateral estoppel to preclude litigation of an issue, "there must be some avenue for review of the prior ruling on the issue." Monroe v.Renz, 46 Conn. App. 5, 9, (1997). "[R]elitigation of the issue in a subsequent action between the parties is not precluded [where the] party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." (Internal quotation marks omitted.) Id.
As discussed above, the ERA expressly permits the plaintiff to appeal the decision of the ALJ, and therefore, the doctrine of collateral estoppel is applicable to the present case.
Accordingly, because the issue of retaliatory discharge and discipline was actually and necessarily determined in the administrative proceeding between the same parties upon a different claim, and because the issues in both proceedings are identical, the doctrine of collateral estoppel precludes the plaintiff from relitigating the same issue in the present action. Because collateral estoppel precludes relitigation of the issue of retaliatory discharge and discipline, there are no genuine issues of material fact regarding the defendant's liability to the plaintiff and therefore, the defendant is entitled to judgment as a matter of law as to count one.
 V.
As to count two of the plaintiff's complaint, the court has held that "[l]iability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated CT Page 10655 by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . Thus, liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Citations omitted; internal quotation marks omitted) Meehan v.Yale New Haven Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320418 (March 12, 1996) (Hartmere, J.) (16 CONN. L. RPTR. 437, 441); see also DeLaurentisv. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991).
"It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery . . . ." Mellaly v.Eastman Kodak Co., 42 Conn. Sup. 17, 19 n. 1, 597 A.2d 846
(1991).
Because the plaintiff is precluded from litigating the issues of retaliatory discharge and discipline on the ground of collateral estoppel, and because the ALJ found that the defendant "proved that it terminated [the plaintiff's] employment because of [the plaintiff's] repeated acts of misconduct," I conclude that the plaintiff has failed to sufficiently allege and show the extreme and outrageous conduct required to maintain a claim for intentional infliction of emotional distress, as that alleged conduct on the part of the defendant was found to be justified. Therefore, I find that the defendant is entitled to judgment as a matter of law on count two.
For the foregoing reasons, the defendant's motion for summary judgment as to counts one and two of the plaintiff's complaint is granted.
Teller, J.