[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#119).
The plaintiff's three-count complaint alleges a constructive trust relating to certain estate, negligent misrepresentation and conversion. The defendant filed a special defense of res judicata based on a summary process action in which she secured an eviction for nonpayment of rent. and now moves for summary judgment.
For the reasons stated below, the defendant's motion for summary judgment is denied.
I. Factual and Procedural History
As stated, the plaintiff, Marcel Jeanson, filed a three-count complaint against the defendant. Helen Lozier, his mother-in-law, alleging a constructive trust,[1] negligent misrepresentation and conversion. The plaintiff alleges in his complaint that the defendant holds only legal title to certain real property, v and that the plaintiff holds equitable title and is the beneficial owner of said property. The plaintiff alleges that he entered into an oral agreement with his father-in-law, Harvey Lozier, now CT Page 421 deceased, (decedent or Lozier), whereby the plaintiff agreed to convey title to a single family dwelling (property) to the defendant and the decedent, in return for a loan. Thereupon, title to the property was convened from the plaintiff to the defendant and the decedent.
The alleged agreement between the plaintiff and decedent was that the plaintiff was to be repaid either directly or from the sale of the property. Upon direct repayment, the property was to be reconveyed to the plaintiff or in the event of a sale, the plaintiff was to be repaid the net proceeds, after repayment to the decedent and defendant of the outstanding loan balance due them.
Three months after title to the property was transferred, Lozier died. His interest in the property was devised to the defendant. The plaintiff alleges that the defendant, as sole owner, has refused to honor the agreement made between the plaintiff and the decedent.
Prior to the filing of this action, the defendant brought a summary process action against the plaintiff, which was heard before Judge Holzberg. The defendant there alleged that the plaintiff failed to make payments pursuant to an oral month-to-month lease and sought judgment for immediate possession of the premises. In response, the plaintiff, appearing pro se in the housing court, basically claimed the existence of the oral agreement described above, and argued that he had a right to buy back the property. However, the plaintiff did not assert his constructive trust claim in a special defense or counterclaim.
The defendant denied the existence of the agreement; however, in open court through her counsel, she agreed to reconvey the property to the plaintiff for the sum of $148,609. The plaintiff was given time to obtain financing. Judge Holzberg explained that "as a condition of [his] continuing this case that [the plaintiff] make a payment of seven hundred dollars to [the defendant] . . . ." (Transcript of hearing, p. 57.) Judge Holzberg explained that "the payments are an essential condition of this agreement and if [the plaintiff default[s] in the payments then [defendant's attorney] has the right to come back here and insist on an immediate judgment." (Transcript of hearing, p. 62.) The case was continued to July 28, 1993. Accordingly, Judge Holzberg deferred judgment on defendant's summary process claim until July 28, 1993. CT Page 422
When the plaintiff failed to make the payments according to the terms of the agreement, judgment for immediate possession was entered in favor of defendant. The plaintiff then commenced the present action alleging a constructive trust, negligent misrepresentation and conversion. The defendant now moves for summary judgment on the ground that the housing court judgment is entitled to res judicata and bars litigation of the plaintiff's claims. The defendant filed a memorandum of law in support of her motion for summary judgment and the plaintiff, now represented by counsel, has filed a memorandum of law and a supplemental memorandum in opposition.
II. Discussion.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Great Country Bank v.Pastore, 241 Conn. 423, 435, 696 A.2d 1254 (1997).
"Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata. " Jackson v. R.G.Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993). See alsoJoe's Pizza, Inc. v. Aetna Life Casualty Co., 236 Conn. 863,867 n. 8, 675 A.2d 441 (1996) (holding that "summary judgment is an appropriate vehicle for raising a claim of res judicata").
"[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim [or any claim based on the same operative facts that] might have beenmade. . . . [T]he appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity tolitigate the matter in the earlier proceeding . . . ." (Brackets in original; emphasis in original; citations omitted; internal quotation marks omitted.) Connecticut National Bank v. Rytman,241 Conn. 24, 43, 694 A.2d 1246 (1997).
"A judgment is final not only as to every matter which was offered to sustain the claim. but also as to any other admissible CT Page 423 matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it " (Citations omitted; internal quotation marks omitted.) Delahunty v. MassachusettsMutual Life Ins. Co., 236 Conn. 582, 589, 674 A.2d 1290 (1996). The doctrine of res judicata is "based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." Id., 591.
The defendant argues in support of her motion for summary judgment that the plaintiffs claim of constructive trust was raised as a defense in the summary process action. The defendant claims that Judge Holzberg, fully heard the plaintiff's claim and found for the defendant. Because count one of the plaintiff's complaint in the present case sets forth a claim for a constructive trust, the defendant argues that res judicata precludes litigation of this claim.
The plaintiff argues that his claims are not barred by the doctrine of res judicata because Judge Holzberg declined to decide any issues beyond those presented in the pleadings in the prior housing action. The plaintiff further argues that the only issues decided concerned legal title to the property and whether the plaintiff failed to pay rent. Therefore, the plaintiff contends that the claims in the present case were not fully and fairly litigated in the prior action.
Therefore, the issues now before this court are whether the present case and the prior action involve the same claims, and if so, whether those claims were fully and fairly litigated so as to preclude the plaintiff from raising them in the present case.
"[The Connecticut Supreme Court has] adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata." Brown v. Commissioner of Correction,44 Conn. App. 746, 749, 692 A.2d 1285 (1997). "In applying the transactional test, [the court compares] the complaint in the second action with the pleadings and the judgment in the earlier action."[2] Id.
The prior action was a summary process action. "Although earlier cases held that summary process is restricted to certain limited issues; See, Atlantic Refining Co. v. O'Keefe,
CT Page 424 [131 Conn. 528, 531, 41 A.2d 109 (1945)], it is now clear that `equitable defenses and counterclaims implicating the right to possession are available in a summary process proceeding.' Fellows v.Martin, 217 Conn. 57, 62, 584 A.2d 458 (1991)." American Bank v.Mango, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 126053 (January 16, 1996) (Pellegrino, J.). Therefore, a party may allege the defense of a constructive trust as part of a summary process action. See Castaldo v. Castaldo, Superior Court, judicial district of Fairfield Housing Session at Bridgeport, Docket No. 941228656 (July 19, 1995) (Tierney, J.) (15 CONN. L. RPTR. 135).
See, however, Carnese v. Middleton, 27 Conn. App. 530, 535,608 A.2d 700 (1992) ("A summary process action is designed solely to decide the simple question of who is entitled to possession . . . A claim for damages is not properly raised in a summary process action . . . A summary process action, therefore, can have no res judicata effect in a subsequent action for damages between the parties." (Citations omitted; internal quotation marks omitted).
At the hearing in the summary process action the plaintiff, appearing pro se, essentially claimed the existence of a constructive trust on the property. The claims made at the summary process hearing are similar to those contained in count one of the complaint, however as stated they were not alleged in the pleadings. Judge Holzberg appropriately explained that "there may be issues which go beyond the matter which is before me right now. I'll give you some latitude . . . to give me the relevant background but . . . I just want to advise you that ultimately we're concerned with whether or not you paid the rent and that's the very narrow issue here today." (Transcript of Hearing, p. 21.)
Therefore, even if I were to find that count one of the plaintiff's complaint involves the same claim made by the plaintiff in defense of the summary process action, it is evident that this claim was not fully and fairly litigated. While Judge Holzberg permitted the plaintiff to explain his dealings with the defendant and the decedent, he clearly foreclosed any resolution of the plaintiff s constructive trust claim and limited the hearing to the issue of whether rent was paid. (See Transcript of Hearing, p. 21)
It is readily apparent that the agreement that the parties CT Page 425 orally entered on the record did not rise to a stipulated judgment, which may be given res judicata effect; see ConnecticutWater Co. v. Beausoleil, 204 Conn. 38, 49, 526 A.2d 1329 (1987); and the defendant has not shown that Judge Holzberg entered a judgment on the agreement. Rather, the record indicates that Judge Holzberg merely accepted the agreement as a basis for granting the plaintiff a continuance to obtain the funds so that the agreement could be performed.
Nevertheless, res judicata can apply to claims not actually litigated. Res judicata not only bars subsequent actions involving the same claims, but also actions involving claims that could have been made. See Connecticut National Bank v. Rytman,supra, 241 Conn. 43. "[The Supreme Court has] recognize[d] that a decision whether to apply the doctrine of res judicata to claims that have not actually been litigated should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim." (Citations omitted.) Delahunty v. Massachusetts Mutual Life Ins. Co.,supra, 236 Conn. 591. Thus, the issue before the court is whether a defendant in an action is required to raise all possible claims against the plaintiff or be forever precluded from doing so under the doctrine of res judicata.
In Battista v. DeNegris, Superior Court, judicial district of Hartford-New Britain at Hartford. Docket No. 525774 (September 16, 1994) (Corradino, J.) (10 CONN. L. RPTR. 453), the court addressed a similar issue. The court explained "that ordinarily a plaintiff cannot split his [sic] cause of action. He [sic] cannot sue for part of his [sic] claim in one action and then sue for the balance in another action. . . . It is in that contest that when courts speak of the doctrine of res judicata they say a party shouldn't be allowed to relitigate a matter which it has had a chance to litigate. . . . This does not mean that a party initially sued may not after resolution of that case be precluded in certain circumstances from bringing suit against the original plaintiff." (Brackets in original: citations omitted; internal quotation marks omitted.)
ln Battista v. DeNegris, supra, 12 CONN. L. RPTR. 453, the court held that "we live for better or worse in a so-called permissive counterclaim state, see P.B. § 116, so that the plaintiff's claim is not barred by the doctrine of res judicata. In other words it is fair to say to a plaintiff that if you bring suit on a claim and force a defendant thereby into court and litigate that claim, we CT Page 426 won't allow you to bring another suit against the same party on an aspect of the claim that could have been litigated in the first suit. It is quite another thing to say to a defendant who is forced to litigate not by his own choosing that you must bring any counterclaim you could have brought against the plaintiff (in the forum and at the time the latter has chosen) or be forever barred from bringing that claim. That wouldn't be fair. . . ."
Therefore, even though a defendant in a summary process action is allowed to raise equitable defenses, and could have pleaded and asserted his constructive trust claim in the prior action. I conclude that res judicata does not preclude the plaintiff from litigating this claim in the present case. Precluding the plaintiff from litigating this claim would not promote the purposes underlying the doctrine of res judicata. See Delahunty v. Massachusetts Mutual Life Ins. Co., supra,236 Conn. 591. Furthermore, even if the plaintiff had properly raised this claim in the summary process action, I further conclude that it was not fully and fairly litigated. Accordingly, the defendant's motion for summary judgment as to count one of the plaintiff's complaint must be denied, as the defendant has not demonstrated the nonexistence of a genuine issue of material fact.[3]
Counts two and three of the plaintiff's complaint allege claims for negligent misrepresentation and conversion. Because these claims are different from those made in the summary process action, summary judgment as to these counts must also be denied.
III. Conclusion
For the foregoing reasons, the defendant's motion for summary judgment as to counts one, two and three of the plaintiff's complaint must be and is denied.
TELLER, J.