[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
 1. MOTION TO WITHDRAW AS COUNSEL: 
The Petitioner filed a Pro Se petition for writ of habeas corpus setting forth many factual and legal issues. On May 11, 2000, the Court appointed Sebastian DeSantis, Esq., as attorney for the Petitioner. By memorandum of law and motion for permission to withdraw dated November CT Page 630 28, 2000, counsel has moved to withdraw as counsel for the Petitioner. He has moved to withdraw under the authority of Anders v. California,386 U.S. 738 (1967) which establishes that appointed counsel is available only where there is a non-frivolous claim. Petitioner's counsel states that he has conscientiously examined the factual and legal, basis for a claim of ineffective assistance of counsel and has concluded that there is no non-frivolous argument in, support of the Petitioner's claim. On November 28, 2000, Attorney DeSantis filed a copy of the memorandum of law and forwarded a copy to the Petitioner postage prepaid. Petitioner was notified by the Court on December 1, 2000 that he had thirty days in which to reply to counsel's motion to withdraw, i.e. until December 30, 2000. No response or objection has been filed by the Petitioner.
This Court finds as follows:
1. These issues were presented previously before a habeas court, Kaplan, J. Accordingly the issues are res judicata since the same issues were addressed in the previous habeas petition and ruled upon by Judge Kaplan. "The doctrine of res judicata applies to criminal as well as civil proceedings and to state habeas corpus proceedings . . ." Brown v.Commissioner of Correction, 44 Conn. App. 746 (1997).
2. There is no basis for the claim3 that trial counsel coerced the Petitioner to plead guilty, that trial counsel failed to properly investigate his case or his mental state, that trial counsel discriminated against him because of Petitioner's sexual orientation or that the guilty plea was invalid because the Petitioner was taking medication at the time of his plea. Not only were these issues decided against the Petitioner in Judge Kaplan's memorandum of decision, but the Court agrees with Attorney DeSantis that these are frivolous claims.
Accordingly, the motion to withdraw as counsel filed by AttorneyDeSantis on November 29, 2000 is granted. 
 2. MOTION TO DISMISS: 
Under the provisions of CPB Sec. 23-29 this Court, sua sponte, concludes that the petition fails to state a claim upon which habeas corpus relief can be granted, and the petition presents the same grounds as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition. Accordingly, this petition is dismissed, sua sponte.
Rittenband, JTR