JAMES DAVIS *v.* COMMISSIONER OF CORRECTION
(AC 28289)

Gruendel, Robinson and Peters, Js.

Argued April 21—officially released July 8, 2008

*Martha Brooke Hansen*, special public defender, for the appellant (petitioner).

*Raheem L. Mullins*, deputy assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, and *David M. Carlucci*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

GRUENDEL, J. The petitioner, James Davis, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. He claims that the court improperly concluded that res judicata barred relitigation of his claim of ineffective assistance of trial counsel in preserving his appellate rights.[1] We affirm the judgment of the habeas court.

In 1991, following a jury trial, the petitioner was convicted of robbery in the first degree in violation of

---

[1] Because we conclude that the court properly determined that res judicata barred the petitioner's claim of ineffective assistance, we do not reach his ancillary contention as to the merits of that claim.

General Statutes § 53a-134 (a), threatening in violation of General Statutes (Rev. to 1989) § 53a-62 (a) (1) and kidnapping in the first degree with a firearm in violation of General Statutes § 53a-92a. He was sentenced to a total effective term of thirty-six years imprisonment. The petitioner did not appeal from that judgment.

The petitioner subsequently filed a petition for a writ of habeas corpus that alleged, inter alia, ineffective assistance of trial counsel in that counsel, "with respect to the [p]etitioner's [r]ight to [a]ppeal, did not advise or assist him in preserving and perfecting his [a]ppeal in a timely fashion nor did he advise or assist the [p]etitioner in having the [a]ppeal referred to the Appellate Office of the Chief Public Defender." A trial followed, at which both the petitioner and his trial counsel, attorney Richard Perry, testified. In its memorandum of decision, the court, *Sferrazza, J.*, rejected the petitioner's claim of ineffective assistance. The court stated: "Credibility is for the trier of fact to determine. The court finds Perry's testimony to be credible and accurate, and the court concludes that the petitioner never informed Perry of his desire to file an appeal, despite Perry's instructions to him in the event the petitioner wished to appeal. . . . With respect to the first count, the petitioner has failed to meet his burden of proving [that] Perry improperly advised and assisted him regarding the taking of an appeal. On the contrary, the court finds that the failure to perfect an appeal was the result of the petitioner's inaction rather than any omission by Perry." (Citation omitted.) Accordingly, the court dismissed the petition for a writ of habeas corpus on that basis, which judgment this court affirmed on appeal. *Davis* v. *Commissioner of Correction*, 39 Conn. App. 735, 667 A.2d 560 (1995), cert. denied, 236 Conn. 902, 670 A.2d 321 (1996).

On August 18, 2006, the petitioner commenced a second habeas proceeding with what he termed a "Latest

Amended Petition" that consisted of two counts. Count one alleged ineffective assistance of trial counsel for failing (1) to move for disclosure of a confidential informant, (2) to move to suppress the petitioner's arrest as the fruit of the poisonous tree, (3) to move to suppress the testimony of a police officer and (4) to "properly act as [the] petitioner's appellate counsel pursuant to Practice Book § 62-8, which places all responsibility on trial counsel to appear for the petitioner, absent filing a motion to withdraw." In count two, the petitioner repeated those allegations and added claims that attorney James A. Shanley, Jr., his counsel on the first habeas petition, rendered ineffective assistance by not raising them and by not claiming that trial counsel "was further ineffective for not filing a *Franks*[2] [m]otion challenging the factual allegations of the arrest warrant." Following a trial, the court, *Fuger, J.*, dismissed the petition.[3] In its oral decision, the court concluded that the claim concerning the petitioner's appellate rights was barred by the doctrine of res judicata. As to the remaining claims, the court concluded that the petitioner had not satisfied his burden of proving either deficient performance on the part of his counsel or prejudice resulting therefrom.[4] See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This appeal followed.

On appeal, the petitioner claims that the court improperly dismissed his "latest amended" petition for a writ of habeas corpus. The court concluded that the

[2] See *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

[3] The court subsequently granted the petition for certification to appeal.

[4] On appeal, the petitioner has raised no claim concerning his trial counsel's alleged failure (1) to move for disclosure of a confidential informant, (2) to move to suppress his arrest as the fruit of the poisonous tree, (3) to move to suppress the testimony of a police officer or (4) to file a motion pursuant to *Franks* v. *Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

claim of ineffective assistance regarding his appellate rights had been litigated in the petitioner's previous habeas action and, thus, was res judicata. We agree with the court.

We first note the applicable standard of review. "[T]he conclusions reached by the trial court in its decision to dismiss the habeas petition are matters of law, subject to plenary review . . . . Thus, [w]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct . . . and whether they find support in the facts that appear in the record." (Internal quotation marks omitted.) *Fernandez* v. *Commissioner of Correction*, 86 Conn. App. 42, 44, 859 A.2d 948 (2004).

"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties] on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Internal quotation marks omitted.) *Bridges* v. *Commissioner of Correction*, 97 Conn. App. 119, 122, 905 A.2d 103, cert. denied, 280 Conn. 921, 908 A.2d 543 (2006). "Res judicata is a doctrine grounded in public policy, whose primary function is to prevent the relitigation of issues already decided in a court of competent jurisdiction. *Dunham* v. *Dunham*, 221 Conn. 384, 391, 604 A.2d 347 (1992). The doctrine applies to criminal as well as civil proceedings and to state habeas corpus proceedings, including matters previously litigated in federal court. *McCarthy* v. *Warden*, 213 Conn. 289, 294–98, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 110 S. Ct. 3220, 110 L. Ed. 2d

667 (1990)."[5] *Brown* v. *Commissioner of Correction*, 44 Conn. App. 746, 750, 692 A.2d 1285 (1997).

In his first habeas action, the petitioner raised the claim that trial counsel rendered ineffective assistance in failing to perfect an appeal on his behalf. That claim was litigated fully and fairly before the habeas court, which held a trial and heard testimony from both the petitioner and trial counsel on that claim. The court expressly credited the testimony of trial counsel and discredited that of the petitioner. It concluded that "the petitioner has failed to meet his burden of proving [that trial counsel] improperly advised and assisted him regarding the taking of an appeal. On the contrary, the court finds that the failure to perfect an appeal was the result of the petitioner's inaction rather than any omission by [trial counsel]." The petitioner thereafter had a full and fair opportunity to challenge that determination on appeal to this court, which affirmed the judgment of the habeas court. *Davis* v. *Commissioner of Correction*, supra, 39 Conn. App. 735.

In his "latest amended" petition, the petitioner again alleged that trial counsel had failed to perfect an appeal on his behalf, claiming that counsel did not "properly act as [the] [p]etitioner's [a]ppellate [c]ounsel pursuant to Practice Book § 62-8, which places all responsibility upon trial counsel to appear for [the] [p]etitioner, absent filing a motion to withdraw." Although that petition reformulates his contention in terms of our rules of practice, it is, essentially, the same claim of ineffectiveness. It is well established that a petitioner must "show that his [petition] does, indeed, involve a different legal ground"; *Iasiello* v. *Manson*, 12 Conn. App. 268, 272, 530 A.2d 1075, cert. denied, 205 Conn. 811,

[5] Our Supreme Court recently repeated this principle in rejecting a blanket prohibition of res judicata in habeas proceedings. See *In re Application for Writ of Habeas Corpus by Dan Ross*, 272 Conn. 653, 667–69, 866 A.2d 542 (2005) (en banc).

532 A.2d 586 (1987); and not "merely a verbal reformulation of previously rejected claims." *Negron* v. *Warden*, 180 Conn. 153, 161, 429 A.2d 841 (1980); see also *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 190, 908 A.2d 581 (2006).

In *Brown* v. *Commissioner of Correction*, supra, 44 Conn. App. 746, this court found the doctrine of res judicata applicable to the petitioner's ineffective assistance claim. In so doing, we explained: "[The petitioner] had a fair hearing before that prior court, and his claims were fully litigated. He is, therefore, barred from any future actions on matters raised or that could have been raised in the first proceeding." Id., 751. Similarly, the claim that trial counsel rendered ineffective assistance in failing to perfect an appeal on the petitioner's behalf was fully and fairly litigated in the prior habeas proceeding. His verbal reformulation of that claim in the present proceeding is unavailing.

Furthermore, the petitioner misreads Practice Book § 62-8.[6] By its plain language, that rule pertains only to

---

[6] Although Practice Book § 62-8, which, at the time of the petitioner's conviction was Practice Book § 4034, has been amended several times since 1991, those amendments do not affect the substance of his claim. We therefore refer to the current version of § 62-8 as the applicable rule of practice.

Practice Book § 62-8 provides: "Counsel for all parties in the trial court shall be deemed to have appeared in the appeal unless permission to withdraw has been granted pursuant to Section 62-9 or unless an in lieu of appearance pursuant to Section 3-8 has been filed by other counsel. Counsel who filed the appeal or filed an appearance in the appellate court after the appeal was filed shall be deemed to have appeared in the trial court for the limited purpose of prosecuting or defending the appeal. Unless otherwise provided by statute or rule, counsel who have so appeared shall be entitled to review all trial court docket sheets and files, including sealed files, and shall be entitled to participate in proceedings in the trial court on motions filed in the trial court pursuant to Section 66-1 and motions filed in the appellate court but referred to the trial court for decision. Where counsel did not file the appeal but have appeared in the appellate court, a copy of an appearance form stamped by the appellate clerk's office shall be satisfactory evidence of an appearance in an appeal. This rule shall not be deemed to permit appellate counsel to review records that were sealed as to trial counsel but retained in the trial court file for appellate review.

those instances in which an appeal has been filed. As the court aptly noted in its oral decision, "the key here is [that] no appeal was ever filed." Contrary to the assertion of the petitioner, Practice Book § 62-8 contains no provision requiring trial counsel, in each and every legal proceeding, to commence an appeal on behalf of a client when that client has indicated no desire to file an appeal, as in the present case.[7] The petitioner has provided this court no authority in support of his strained reading of Practice Book § 62-8, and we decline his invitation to graft onto that rule a requirement not contained therein.

We agree with the determination of the court that the petitioner asserted, in his "latest amended" petition, a claim that previously has been adjudicated fully on its merits. We therefore conclude that the court properly dismissed the petition.

The judgment is affirmed.

In this opinion the other judges concurred.

"This rule shall not be deemed to excuse trial counsel with respect to preserving a defendant's right to appeal pursuant to Section 63-7; nor shall this rule prevent trial counsel from moving for a withdrawal of appearance pursuant to Section 62-9.

"No change, substitution or withdrawal of counsel shall be permitted after the due date of the final reply brief without leave of the court."

[7] The decision to appeal rests with the client, not the attorney. See *Roe* v. *Flores-Ortega*, 528 U.S. 470, 479, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000); *Johnson* v. *Commissioner*, 218 Conn. 403, 413 n.11, 589 A.2d 1214 (1991).