## WILLIE MYERS *v.* COMMISSIONER OF CORRECTION (AC 26672)

DiPentima, McLachlan and Gruendel, Js.

---

738

Argued October 12—officially released December 19, 2006

*Christopher M. Neary*, special public defender, for the appellant (petitioner).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Robin A. Lipsky*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

GRUENDEL, J. The petitioner, Willie Myers, appeals following the denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. We dismiss the appeal.

The petitioner was arrested and charged with the January 6, 1995 murder of Jeffrey Rabuska. During jury selection, he pleaded guilty to murder in violation of General Statutes § 53a-54a under the *Alford* doctrine[1] and was sentenced to thirty years incarceration. The petitioner did not directly appeal that conviction. He later filed a petition for a writ of habeas corpus on

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). Under that doctrine, "a criminal defendant is not required to admit his guilt, but consents to being punished *as if he were guilty* to avoid

the ground that his incarceration was constitutionally invalid because his conviction was obtained in violation of his right to conflict free counsel. Following a hearing, the habeas court denied the petition, which judgment this court affirmed on appeal. *Myers* v. *Commissioner of Correction*, 68 Conn. App. 31, 32, 789 A.2d 999, cert. denied, 260 Conn. 907, 795 A.2d 545 (2002).

On September 17, 2004, the petitioner filed an amended petition for a writ of habeas corpus that alleged ineffective assistance of counsel on the part of his counsel at the prior habeas proceeding. The gist of his claim before the habeas court, and now on appeal, is twofold. He argues that his trial counsel was ineffective in failing to pursue certain evidence regarding Rabuska's cause of death that allegedly demonstrated that the petitioner was not the principal in the murder. Because his habeas counsel failed to allege ineffective assistance on the part of trial counsel, he contends that his habeas counsel rendered ineffective assistance. Following a trial, the court concluded that the petitioner had not satisfied his burden of proving either deficient performance on the part of his counsel or prejudice resulting therefrom. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

The flaw in the petitioner's claim before the habeas court is that it pertained solely to his liability as the principal in Rabuska's murder. Noting that "the gravamen of the petitioner's claim during this habeas corpus trial was that [Eddie] Wright, and not [the petitioner], fired the shots that killed Mr. Rabuska," the habeas court expressly found that "it was uncontroverted that

the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Emphasis in original; internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 204–205, 842 A.2d 567 (2004).

the defendant shot Mr. Rabuska with a large caliber handgun. The petitioner's admission that he shot the victim, his statement that he subsequently gave the .45 caliber pistol to Wright, the evidence that the petitioner instructed Wright and [Javier] Santiago to dispose of the victim's body, and the sworn statements given by other participants about the number of bullets that the petitioner fired into Mr. Rabuska, all amounted to substantial evidence that the defendant committed the crime of murder, *either as an accessory or as a principal.*" (Emphasis added.) The court likewise credited the testimony of the petitioner's first habeas counsel that she "did not believe that she could prevail on an ineffective assistance claim predicated on [trial counsel's] purported failure to adequately pursue the cause of death evidence" and that "she reached this conclusion because the petitioner had been charged with murder as both a principal and accessory." The court further found that the petitioner failed to prove that, had his trial counsel pursued the cause of death evidence, he would not have pleaded guilty, he would have insisted on going to trial and he likely would have been successful at trial. See *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 151, 662 A.2d 718 (1995). Accordingly, the court denied the petition for a writ of habeas corpus and subsequently denied the petition for certification to appeal.

At oral argument before this court, counsel for the petitioner stated: "You have to be on notice under the United States constitution with each and every crime that you are being charged with under the long form information." Because the long form information did not include an accessorial liability charge, counsel alleged that the petitioner could not have been convicted as an accessory.[2] He is mistaken. "It is well estab-

---

[2] The petitioner filed no direct appeal from the underlying judgment of conviction. Moreover, he raised no challenge concerning accessorial liability in either his habeas petition or his appellate brief.

lished in this state that there is no crime of being an accessory. . . . Rather, the accessory statute merely provides an alternative theory under which liability for the underlying substantive crime may be proved. . . . There is no practical significance in the labels 'accessory' and 'principal' in determining criminal liability. . . . A defendant may be convicted as an accessory, even if charged only as a principal, as long as the evidence presented at trial was sufficient to establish accessorial conduct." (Citations omitted.) *State* v. *Bagley*, 35 Conn. App. 138, 142, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994). Under Connecticut law, the state is not required to provide notice of accessorial liability in the long form information but rather must provide notice to a defendant of that alternative theory prior to the commencement of his defense. See *State* v. *Williams*, 220 Conn. 385, 390, 599 A.2d 1053 (1991); *State* v. *Hines*, 89 Conn. App. 440, 454, 873 A.2d 1042, cert. denied, 275 Conn. 904, 882 A.2d 678 (2005).

We carefully have reviewed the record, the court's ruling and the respective briefs submitted by the parties. The petitioner has not demonstrated that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). Having failed to satisfy any of these criteria, the petitioner cannot demonstrate that the court abused its discretion in denying the petition for certification to appeal. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994).

The appeal is dismissed.

In this opinion the other judges concurred.