## WILLIE MYERS *v*. COMMISSIONER OF CORRECTION
### (AC 28944)

Harper, Lavine and West, Js.

Submitted on briefs September 8—officially released December 2, 2008

*Robert J. McKay* filed a brief for the appellant (petitioner).

*John A. Connelly*, state's attorney, *Margaret Gaffney Radionovas*, senior assistant state's attorney, and *Robin Lipsky*, former senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

HARPER, J. The petitioner, Willie Myers, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his third petition for a writ of habeas corpus. The petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly dismissed his habeas petition. We dismiss the appeal, as it relates to the ground of ineffective assistance of counsel, and reverse the judgment as to all other grounds.

The following facts and procedural history are relevant to our disposition of the petitioner's appeal. The petitioner pleaded guilty under the *Alford* doctrine[1] to

---

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept

the crime of murder in violation of General Statutes § 53a-54a and was sentenced to thirty years of incarceration. The petitioner did not file a direct appeal but has since filed three petitions for a writ of habeas corpus. The first petition, filed on September 10, 1996, then amended on December 28, 1998, alleged that the petitioner's incarceration was constitutionally invalid because his conviction "was obtained in violation of his right to conflict free counsel" because his trial counsel, Gregory St. John, had a conflict of interest. *Myers* v. *Commissioner of Correction*, 68 Conn. App. 31, 32, 789 A.2d 999, cert. denied, 260 Conn. 907, 795 A.2d 545 (2002). This court affirmed the habeas court's denial of the petition. Id. The second petition, filed on July 10, 2003, then amended on September 17, 2004, asserted that habeas counsel, Adele V. Patterson, provided ineffective assistance by failing to allege that trial counsel, St. John, was ineffective. The habeas court denied the petition; see *Myers* v. *Commissioner of Correction*, 98 Conn. App. 737, 739, 911 A.2d 345 (2006), cert. denied, 282 Conn. 903, 920 A.2d 309 (2007); and this court dismissed the appeal. Id.

On April 2, 2007, the petitioner filed his third pro se petition for a writ of habeas (present petition) alleging ineffective assistance of counsel by St. John and several other grounds.[2] In addition to the filing of the petition, the petitioner requested a waiver of fees and appointment of counsel. After the waiver of fees was granted, the habeas court sua sponte dismissed the habeas petition and granted the application for appointment of counsel. In dismissing the petition, the court explained

the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Almedina* v. *Commissioner of Correction*, 109 Conn. App. 1, 2 n.1, 950 A.2d 553, cert. denied, 289 Conn. 925, 958 A.2d 150 (2008).

[2] The other grounds alleged by the petitioner are that the "[p]etitioner's sentence is illegal based on percentage/parole eligibility. [The] [p]etitioner's plea negotiation is invalid due to involuntary plea. The petitioner was also deprived of due process."

that "[u]nder [Practice Book] § 23-29, the judicial authority may, at any time . . . dismiss the petition . . . if it determines that . . . the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition . . . . The petitioner has failed to make a showing that there is new evidence not reasonably available at the time of his two prior petitions. The court finds [that] the claims are *res judicata* and enters a judgment of dismissal." (Emphasis in original; internal quotation marks omitted.)

The petitioner then filed a petition for certification to appeal. The petitioner argued that "in the present petition, although the petitioner is attacking an ineffec-tive[ness] issue, [he] is also attacking his guilty plea, mental state at plea, his sentence being illegal [and] a violation of due process which . . . would result from ineffectiveness of . . . trial counsel . . . The peti-tioner argues that although it may have appeared that he has failed to make a showing, such showing would have been shown on further articulation of an amended petition." Certification to appeal was denied. This appeal followed.

We begin by setting forth the standard of review and any relevant legal principles. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the peti-tioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Cita-tions omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the

issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Edwards* v. *Commissioner of Correction*, 105 Conn. App. 124, 127, 936 A.2d 716 (2008).

"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action [between the same parties] on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it. . . . Res judicata is a doctrine grounded in public policy, whose primary function is to prevent the relitigation of issues already decided in a court of competent jurisdiction." (Citation omitted; internal quotation marks omitted.) *Davis* v. *Commissioner of Correction*, 109 Conn. App. 92, 96–97, 950 A.2d 587, cert. denied, 289 Conn. 930, 958 A.2d 157 (2008).

I

The petitioner first claims that the court abused its discretion in denying his petition for certification to appeal without affording him the "right to be heard on the issue of whether [the] dismissal was permissible and warranted under Practice Book [§ 23-29] (3)." He argues that the court improperly denied the petition "with no notice to the parties and no meaningful opportunity for the parties to be heard on the merits." We partially agree.

"[W]e have recognized only one situation in which a court is not legally required to hear a habeas petition. In *Negron* v. *Warden*, [180 Conn. 153, 158, 429 A.2d 841

(1980)], we observed that, pursuant to Practice Book § 531 [now § 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states new facts or proffers new evidence not reasonably available at the previous hearing. We emphasized the narrowness of our construction of Practice Book § 531 [now § 23-29] by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. . . . *Negron* therefore strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed." (Internal quotation marks omitted.) *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 188–89, 908 A.2d 581 (2006). To demonstrate that an evidentiary hearing was required, the petitioner must show "that his application does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground." (Internal quotation marks omitted.) Id., 190.

We construe the petition as raising two distinct categories of claims, one related to an ineffective assistance of counsel ground and all others that are unrelated to an ineffective assistance of counsel ground. We will address each in turn.

### A

We first turn to the portion of the petition as it relates to the ineffective assistance of counsel. We carefully have reviewed the former and current petitions for a writ of habeas corpus, the record, the court's ruling and the respective briefs submitted by the parties. The petitioner has not alleged any factual or legal bases to support a finding that a new legal ground is being raised or new facts or evidence introduced. The petitioner argues that there was "no evidence that the issues were

identical to those considered in the prior proceeding." The petitioner is raising an ineffective assistance of counsel ground, however, against the same trial counsel, St. John, as he did in the prior two petitions but on different bases, which is failure "to protect [his] constitutional rights . . . ."[3] Merely reformulating a legal ground of ineffective assistance of counsel, on further allegations, will not, on its own, withstand denial of certification to appeal. See, e.g., *Negron* v. *Warden*, supra, 180 Conn. 153 (addressing differences between application asserting new ground from one verbally reformulating preexisting ground). In addition, the petitioner has not alleged any new facts or proffered new evidence not reasonably available at the time of his prior two petitions to support the preexisting legal ground introduced. See, e.g., *Harris* v. *Commissioner of Correction*, 97 Conn. App. 382, 387–88, 904 A.2d 280 (discussing petitioner's failure to meet threshold burden of abuse of discretion because second habeas petition raised same legal grounds and sought relief with allegations and facts reasonably available at time of filing first petition), cert. denied, 280 Conn. 928, 909 A.2d 523 (2006). Without such findings, the court is not required to provide a hearing or notice prior to dismissal of the habeas petition.

Ultimately, the petitioner has not demonstrated that the court's conclusion regarding the ineffective assistance of counsel ground is debatable among jurists of reason, that a court could resolve the issue in a different manner or that the question raised deserves encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). Having failed to satisfy any of these criteria, the petitioner cannot demonstrate that the court abused its

---

[3] The prior two petitions raised an ineffective assistance of counsel ground on the basis of allegations that a conflict of interest affected the petitioner's right to conflict free counsel and that counsel failed to pursue certain evidence in the trial court.

discretion in denying the petition for certification to appeal. See *Simms* v. *Warden*, supra, 230 Conn. 612.

Because the petitioner has not demonstrated that the court's denial of his petition for certification to appeal with regard to this ground reflects an abuse of discretion, we need not address the ground in any further detail. We dismiss this portion of the appeal.

## B

In contrast, the portion of the petition unrelated to the ineffective assistance of counsel ground supports a finding that new claims are being raised because the prior two petitions did not address any of these grounds. As noted in *Negron*, a dismissal without a hearing of a subsequent petition is improper if the petitioner raises new claims or offers new facts or evidence. See *Negron* v. *Warden*, supra, 180 Conn. 158. Additionally, the respondent, the commissioner of correction, concedes that the petitioner is entitled to proceed to the pleading stage with respect to those unrelated grounds. We share the view of both the petitioner and the respondent that the court abused its discretion by denying certification to appeal because it improperly dismissed the petition on those unrelated grounds.

## II

Because the petitioner has satisfied the first burden of the *Simms* test on grounds unrelated to ineffective assistance of counsel, we will address the petitioner's second claim, which is also the second burden of the *Simms* test, i.e., that the court improperly dismissed the habeas petition, as it relates to those grounds.

The petitioner's second claim is that the court improperly dismissed his habeas petition without "adequate notice" or a "meaningful opportunity" to be heard on the merits. The petitioner argues that it was "constitutional error to deny [him the] opportunity to present

his position to the court" and that the court improperly relied on res judicata because there was no evidence showing that the issues were identical to those raised in his prior petitions. We agree with this claim as it relates to the petition on grounds unrelated to ineffective assistance of counsel.

Res judicata prevents the relitigation of issues already decided in court. The record reflects that the grounds unrelated to ineffective assistance of counsel have not yet been decided before the habeas court in the prior two petitions and have never been litigated fully and fairly. Therefore, the use of res judicata on those grounds was improper. The petitioner is entitled to be heard on those grounds unrelated to ineffective assistance of counsel.

The appeal is dismissed with respect to the portion of the petition that alleged ineffective assistance of counsel. The judgment is reversed with respect to the remaining grounds alleged and the case is remanded for further proceedings.

In this opinion the other judges concurred.