## MARIO SAUNDERS *v.* COMMISSIONER OF CORRECTION
### (AC 29313)

Bishop, DiPentima and Peters, Js.

Argued February 9—officially released March 31, 2009

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*Timothy F. Costello*, deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, *John J. Davenport*, senior assistant state's attorney, and *Robin Pavia*, former assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Mario Saunders, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, he argues that the court improperly concluded that he was not denied the effective assistance of counsel. We affirm the judgment of the habeas court.

The petitioner pleaded guilty, pursuant to the *Alford* doctrine,[1] to three counts of aggravated sexual assault

---

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Myers* v. *Commissioner of Correction*, 111 Conn. App. 405, 406–407 n.1, 959 A.2d 646 (2008).

in the first degree in violation of General Statutes § 53a-70a (a) (1), three counts of sexual assault in the first degree in violation of § 53a-70 (a) (1), two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), and attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (3) and 53a-49.[2] The trial court sentenced the petitioner to forty years incarceration, suspended after nineteen years, and twenty years of probation.

On April 21, 2006, the petitioner filed an amended petition for a writ of habeas corpus, alleging the ineffective assistance of his trial counsel, attorney Jayne Kennedy. The petition set forth various claims with respect to the alleged ineffectiveness of Kennedy. On October 1, 2007, the court issued a memorandum of decision denying the habeas petition.[3] The court granted the petition for certification to appeal, and this appeal followed.

On appeal, the petitioner's sole claim is that Kennedy's performance with respect to DNA evidence was deficient and caused him prejudice. Specifically, he argues that Kennedy failed to investigate sufficiently or to challenge the collection of DNA evidence, and therefore he was unable to present a defense of misidentification. The respondent, the commissioner of correction, argues that our Supreme Court's recent decision in *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 941 A.2d 248 (2008), controls our resolution of the present case. We agree with the respondent.

"[T]he governing legal principles in cases involving claims of ineffective assistance of counsel arising in

[2] These charges arose from five separate files. The state nolled the charges contained in a sixth file after the DNA evidence excluded the petitioner as the perpetrator in that case.

[3] The court rendered its judgment on September 26, 2007, and stated that it subsequently would issue a memorandum of decision.

connection with guilty pleas are set forth in *Strickland* [v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] and *Hill* [v. *Lockhart,* 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)]. [According to] *Strickland,* [an ineffective assistance of counsel] claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . The first prong requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Under . . . *Hill* . . . which . . . modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. . . . In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Faraday* v. *Commissioner of Correction,* 107 Conn. App. 769, 773, 946 A.2d 891 (2008); see also *Dawson* v. *Commissioner of Correction,* 106 Conn. App. 614, 623–24, 942 A.2d 519, cert. denied, 287 Conn. 909, 950 A.2d 1285 (2008).

In *Johnson* v. *Commissioner of Correction,* supra, 285 Conn. 581, the petitioner claimed that his trial counsel had failed to substantiate the DNA test results or to request a second test of the DNA samples by his own expert and instead improperly accepted the state's conclusions. At the outset of its analysis, our Supreme Court observed: "We are mindful of the principle that,

although it is incumbent on a trial counsel to conduct a prompt investigation of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction . . . counsel need not track down each and every lead or personally investigate every evidentiary possibility. . . . In a *habeas corpus* proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . but by demonstrable realities. . . . One cannot successfully attack, with the advantage of hindsight, a trial counsel's trial choices and strategies that otherwise constitutionally comport with the standards of competence." (Internal quotation marks omitted.) Id., 583–84. It further reasoned that "the petitioner failed to present evidence that takes his claim out of the realm of speculation and makes it a demonstrable reality. The claim that his trial counsel should have verified the DNA test results and the testimonial statements taken by the state is not based on evidence that the DNA testing was flawed, that the testimonial statements lacked credibility or that the state overlooked evidence that would have exonerated the petitioner but appears to be grounded in speculation that, if the petitioner's counsel had conducted an additional and possibly redundant investigation, he *might have* discovered exonerating evidence." (Emphasis in original.) Id., 584.

In the present case, the petitioner failed to present any evidence before the court that the DNA evidence was flawed in its collection, testing or analysis. Furthermore, he did not establish that had Kennedy conducted an investigation into the state's DNA evidence, he would have not pleaded guilty. The petitioner's argument on appeal appears to be based on conjecture and speculation. Guided by our Supreme Court's reasoning in *Johnson* v. *Commissioner*, supra, 285 Conn. 556, we conclude that the petitioner has failed to sustain his

burden with respect to his petition for a writ of habeas corpus.

The judgment is affirmed.