# WILLIAM FARADAY *v.* COMMISSIONER OF CORRECTION
## (AC 28090)

Flynn, C. J., and Lavine and Beach, Js.

Argued February 25—officially released May 20, 2008

*John F. Geida*, with whom, on the brief, was *Norman A. Pattis*, for the appellant (petitioner).

*Timothy F. Costello*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, *Angela R. Macchiarulo*, senior assistant state's attorney, and *James E. Thomas*, former state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, William Faraday, appeals from the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal and that it improperly rejected his claims that (1) his trial counsel, Paula Waite, provided ineffective assistance by failing to advise him adequately that despite his *Alford*[1] plea to sexual offenses, he nonetheless could be required, pursuant to General Statutes § 53a-32a,[2] to admit commission of the underlying offenses or be found in violation of the conditions of his probation, (2) counsel provided ineffective assistance by failing to perfect his

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] General Statutes § 53a-32a provides: "If a defendant who entered a plea of nolo contendere or a guilty plea under the [doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)] to a violation of subdivision (2) of section 53-21 of the general statutes in effect prior to October 1, 2000, subdivision (2) of subsection (a) of section 53-21 or section 53a-70, 53a-70a, 53a-70b, 53a-71, 53a-72a or 53a-72b, and was ordered to undergo sexual offender treatment as a condition of probation, becomes ineligible for such treatment because of such defendant's refusal to acknowledge that such defendant committed the act or acts charged, such defendant shall be deemed to be in violation of the conditions of such defendant's probation and be returned to court for proceedings in accordance with section 53a-32."

speedy trial rights, as defined by General Statutes § 54-82m,[3] and (3) the trial court improperly canvassed him by failing to establish his knowledge of his obligation to admit to the underlying offenses as part of sex offender treatment despite his *Alford* plea. We dismiss the petitioner's appeal.

The facts giving rise to this case are set forth in *State* v. *Faraday*, 69 Conn. App. 421, 423, 794 A.2d 1098 (2002), rev'd, 268 Conn. 174, 842 A.2d 567 (2004). On July 31, 1998, the petitioner entered a guilty plea under the *Alford* doctrine to one count of sexual assault in the third degree in violation of General Statutes § 53a-72a and one count of risk of injury to a child in violation of General Statutes § 53-21. Each of these statutes is encompassed by § 53a-32a, which deems a failure to admit guilt of the sexual misconduct during postsentence treatment to be a violation of probation. The petitioner was sentenced to a total effective term of twelve years imprisonment, execution suspended, and five years of probation. In October, 1999, the petitioner

[3] General Statutes § 54-82m provides: "In accordance with the provisions of section 51-14, the judges of the Superior Court shall make such rules as they deem necessary to provide a procedure to assure a speedy trial for any person charged with a criminal offense on or after July 1, 1985. Such rules shall provide that (1) in any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of a criminal offense shall commence within twelve months from the filing date of the information or indictment or from the date of the arrest, whichever is later, except that when such defendant is incarcerated in a correctional institution of this state pending such trial and is not subject to the provisions of section 54-82c, the trial of such defendant shall commence within eight months from the filing date of the information or indictment or from the date of arrest, whichever is later; and (2) if a defendant is not brought to trial within the time limit set forth in subdivision (1) and a trial is not commenced within thirty days of a motion for a speedy trial made by the defendant at any time after such time limit has passed, the information or indictment shall be dismissed. Such rules shall include provisions to identify periods of delay caused by the action of the defendant, or the defendant's inability to stand trial, to be excluded in computing the time limits set forth in subdivision (1)."

was charged with violating two of his probation conditions.

Following a probation revocation hearing, the court found the petitioner in violation of probation for failure to participate in sex offender treatment and for impermissibly having contact with a minor stepson. Consequently, it revoked his probation, sentencing him to the entire twelve year unexecuted sentence originally imposed. *State* v. *Faraday*, supra, 69 Conn. App. 424. A panel of this court reversed the judgment of the trial court. Id., 437. Our Supreme Court reversed this court's judgment and remanded the case with direction to affirm the judgment of the trial court. *State* v. *Faraday*, 268 Conn. 174, 207, 842 A.2d 567 (2004). On January 4, 2006, the petitioner filed an amended petition for a writ of habeas corpus. On May 30, 2006, following a trial, the habeas court denied the petition and, on June 27, 2006, denied his petition for certification to appeal. This appeal followed.

We begin by setting forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. A petitioner whose petition for certification to appeal has been denied can seek appellate review of the denial by satisfying the two-pronged test enunciated in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994), which requires the petitioner to show that the denial constituted an abuse of discretion and then prove that the decision should be reversed on its merits. See *Kaddah* v. *Commissioner of Correction*, 105 Conn. App. 430, 434–35, 939 A.2d 1185, cert. denied, 286 Conn. 903, 943 A.2d 1101 (2008). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to

deserve encouragement to proceed further. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citation omitted; internal quotation marks omitted.) Id., 435–36.

"[T]he governing legal principles in cases involving claims of ineffective assistance of counsel arising in connection with guilty pleas are set forth in *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] and *Hill* [v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)]. [According to] *Strickland*, [an ineffective assistance of counsel] claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . The first prong requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the [s]ixth [a]mendment. . . . Under . . . *Hill* . . . which . . . modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 598, 940 A.2d 789 (2008). In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition. See *Strickland*

v. *Washington,* supra, 687. Having set forth the applicable legal principles, we address the petitioner's claims in turn.

## I

The petitioner first claims that the court abused its discretion in denying his petition for certification to appeal with respect to his claim that he received ineffective assistance of counsel as a result of Waite's failure to advise him that his *Alford* plea did not relieve him of the legal duty to admit to acts of sexual misconduct as a condition of probation. We are not persuaded.

The following additional facts are relevant to our resolution of the petitioner's claim. At the habeas trial, Waite testified that, on the morning that the petitioner entered his guilty plea, she explained to him that "in spite of the fact that he was pleading guilty under the *Alford* doctrine, he would have to admit his crimes." Waite testified that she told the petitioner "[t]hat he would have to go to sexual offender treatment and that they would try to make him admit one or more crimes . . . and that he could be violated if he didn't do what they asked him to do and that there was some variation in what exactly they would ask people to admit." Waite further testified that the petitioner indicated to her his understanding that admission of the conduct underlying the charge of sexual assault was a condition of his probation. Conversely, the petitioner testified that, prior to his *Alford* plea, Waite had not warned him that his *Alford* plea did not relieve him of the legal duty to admit to acts of sexual misconduct as a condition of probation.

We have held that "[i]t is the [fact finder's] exclusive province to weigh the conflicting evidence and to determine the credibility of witnesses. . . . The [fact finder] can . . . decide what—all, none, or some—of a witness' testimony to accept or reject." (Internal quotation

marks omitted.) *State* v. *Durant*, 94 Conn. App. 219, 227, 892 A.2d 302 (2006), aff'd, 281 Conn. 548, 916 A.2d 2 (2007). At the petitioner's habeas trial, the court resolved the discrepancies between the testimony of Waite and that of the petitioner by finding Waite's testimony more credible. The court found that "there was no deficient performance because attorney Waite *did* fully advise the petitioner on the consequences of his plea and required sex offender treatment." (Emphasis in original.) In a habeas appeal, the reviewing court cannot disturb the underlying facts found by the habeas court unless they are shown to be clearly erroneous. *Madagoski* v. *Commissioner of Correction*, 104 Conn. App. 768, 773, 936 A.2d 247 (2007), cert. denied, 286 Conn. 905, 944 A.2d 979 (2008).

After reviewing the record, we conclude that the petitioner has failed in his burden to show that the court's finding that Waite properly advised him of the consequences of his plea and, therefore, that her assistance was not ineffective was clearly erroneous. Therefore, because the issue is not debatable among jurists of reason and does not deserve encouragement to proceed further and because a court could not resolve the issue in a different manner; see *Simms* v. *Warden*, supra, 230 Conn. 616, 618; the habeas court did not abuse its discretion in denying the petition for certification to appeal from its denial of the habeas petition on this ground.

## II

The petitioner next claims that Waite provided ineffective assistance when she failed to perfect his speedy trial rights. The habeas court dismissed this claim, holding that "there was no evidence, except for the petitioner's bald assertion that he was denied a speedy trial [and that] the claim [was] all but abandoned since the petitioner declined the opportunity to submit a pretrial brief and argue the point." We decline to review this

claim because the petitioner has not provided us with an adequate record. The petitioner has failed to provide us with an evidentiary record setting forth the gist of his speedy trial claim. Additionally, "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief." (Internal quotation marks omitted.) *McClean* v. *Commissioner of Correction*, 103 Conn. App. 254, 258 n.5, 930 A.2d 693 (2007), cert. denied, 285 Conn. 913, 943 A.2d 473 (2008). The brief does not adequately relate evidence in the case to pertinent legal principles. We therefore decline to review this claim.

### III

The petitioner next claims that the trial court improperly canvassed him regarding his knowledge of his obligation to admit to the underlying offense as part of sex offender treatment despite his *Alford* plea. "Pursuant to the doctrine of res judicata, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim." (Internal quotation marks omitted.) *State* v. *Ramirez*, 101 Conn. App. 283, 298, 921 A.2d 702, cert. denied, 283 Conn. 909, 928 A.2d 539 (2007), cert. denied, 552 U.S. 1109, 128 S. Ct. 895, 169 L. Ed. 2d 747 (2008).

In its May 30, 2006 memorandum of decision, the habeas court held that this claim had been "conclusively resolved" by our Supreme Court in *State* v. *Faraday*, supra, 268 Conn. 203–205. We agree. In *Faraday*, our Supreme Court held that "the trial court was not required to notify the defendant upon entering his [*Alford*] plea, that a failure to acknowledge guilt could result in a violation of the condition of his probation requiring sex offender treatment." Id., 203. This claim, having been resolved in the petitioner's direct appeal, is barred by the doctrine of res judicata and is not

subject to collateral attack. We note that the petitioner concedes the applicability of this doctrine.

The appeal is dismissed.

In this opinion the other judges concurred.