VAUGHN WALKER *v.* COMMISSIONER OF
CORRECTION
(AC 28094)

Flynn, C. J., and DiPentima and Robinson, Js.

Submitted on briefs September 12—officially released October 14, 2008

*Anthony E. Parent*, special public defender, filed a brief for the appellant (petitioner).

*Gail P. Hardy*, state's attorney, *Timothy J. Sugrue*, senior assistant state's attorney, and *Herbert E. Carlson, Jr.*, supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Vaughn Walker, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On

appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal. We disagree and, therefore, dismiss the appeal.

The petitioner was charged with crimes in three separate cases. In the first case, the petitioner was charged with two counts of felony murder and one count of conspiracy to commit burglary in the first degree. In the second case, the petitioner was charged with one count of burglary in the second degree and one count of conspiracy to commit larceny of a motor vehicle in the first degree. In the third case, the petitioner was charged with one count of burglary in the second degree and one count of conspiracy to commit burglary in the second degree. The first case was referred as a capital matter, and a death-qualified jury was selected. The trial commenced on October 2, 2000. Prior to the conclusion of the state's case-in-chief, the state and the petitioner reached a plea agreement.

Under the terms of the agreement, the petitioner agreed to plead guilty to all of the charges, including those in the noncapital cases. In return, the state recommended that the petitioner be sentenced in the first case to two forty year terms of imprisonment on the felony murder counts, to run consecutively. The state also recommended ten year sentences for each of the remaining cases, to run concurrently with the sentences for the felony murder counts. The petitioner received a total effective sentence, therefore, of eighty years.

The petitioner subsequently filed a petition for a writ of habeas corpus, alleging that his guilty pleas had not been knowing, voluntary and intelligent because he was not informed that upon pleading guilty, he would surrender his right to appeal. The habeas court found that the trial court's canvass of the petitioner was appropriately thorough, though it did not mention the petitioner's forfeiture of appellate rights. The habeas court

noted, however, that during the trial court's canvass, the prosecutor stated for the record that as a consequence of the petitioner's plea, he would give up his rights to appeal. Further, the habeas court found that neither the petitioner nor his attorneys objected upon the prosecutor's recitation of this consequence. Concluding that the petitioner's guilty pleas were knowing, voluntary and intelligent, the habeas court dismissed the petition and, subsequently, denied the petitioner certification to appeal.

"A petitioner whose petition for certification to appeal has been denied can seek appellate review of the denial by satisfying the two-pronged test enunciated in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994), which requires the petitioner to show that the denial constituted an abuse of discretion and then prove that the decision should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Citation omitted; internal quotation marks omitted.) *Faraday* v. *Commissioner of Correction*, 107 Conn. App. 769, 772–73, 946 A.2d 891 (2008).

We have reviewed the record and briefs thoroughly and conclude that the petitioner has failed to demonstrate that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised merit encouragement to proceed further. The petitioner has

not demonstrated that the habeas court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.