## DANIEL DIAZ *v.* COMMISSIONER OF CORRECTION (AC 30919)

Robinson, Alvord and Peters, Js.

58

Argued September 14—officially released November 16, 2010

*Michael Zariphes*, special public defender, for the appellant (petitioner).

*Timothy F. Costello*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Kelly A. Masi*, assistant state's attorney, for the appellee (respondent).

*Opinion*

ALVORD, J. The petitioner, Daniel Diaz, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner

claims that the court improperly denied his claim of ineffective assistance of trial counsel with respect to counsel's failure (1) to call a witness, Michael Rosado,[1] who might have provided exculpatory testimony, and (2) to test independently the narcotics he was convicted of possessing or to present evidence regarding their odor. Additionally, the petitioner argues that the habeas court improperly found that his remaining argument was barred by the doctrine of res judicata. We agree that the court incorrectly applied the doctrine of res judicata. Nevertheless, we conclude that the court properly denied the petition. Accordingly, we affirm the judgment of the habeas court, albeit on different grounds.

Following a trial to the jury, the petitioner was convicted of possession of narcotics with the intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), possession of narcotics with intent to sell within 1500 feet of a public housing project in violation of General Statutes § 21a-278a (b), possession of narcotics in violation of General Statutes § 21a-279 (a) and interfering with a police officer in violation of General Statutes § 53a-167a (a).[2] *State* v. *Diaz*, 86 Conn. App. 244, 246, 860 A.2d 791 (2004), cert. denied, 273 Conn. 908, 870 A.2d 1081 (2005). On May 17, 2002, the petitioner was sentenced to an effective term of eighteen years imprisonment.

The petitioner appealed from the judgment of conviction to this court, claiming that (1) the evidence was insufficient to sustain his conviction under §§ 21a-278

[1] This witness is referred to as Rosado in the habeas decision and the trial transcript but Rosotto in the petitioner's brief and the habeas transcript. For simplicity, in this opinion we refer to the witness as Rosado.

[2] The relevant facts of the underlying conviction were set forth in the decision of this court disposing of the criminal appeal. *State* v. *Diaz*, 86 Conn. App. 244, 246–47, 860 A.2d 791 (2004), cert. denied, 273 Conn. 908, 870 A.2d 1081 (2005).

(b) and 21a-278a (b) because the state failed to establish that he had intended to sell the narcotics, and (2) the trial court made an improper statement during its final charge to the jury that impinged on his due process rights.[3] Id. On direct appeal, this court held that (1) the evidence was sufficient to support the conviction and (2) the trial court's comment, although improper, constituted harmless error. Id., 250, 259.

On September 15, 2008, the petitioner filed an amended petition for a writ of habeas corpus, alleging, inter alia, that his conviction should be set aside due to ineffective assistance of his trial counsel, Hisham Leil.[4] In support of his claim, the petitioner argued that Leil performed below the level of reasonable competence required of a criminal defense attorney because he failed (1) to object to the improper statement made by the court during the charge to the jury, (2) to call Rosado, who might have provided exculpatory evidence,[5] and (3) to test the narcotics independently for genuineness or to present evidence regarding their odor. The petitioner claims that Leil's acts and omissions contributed significantly enough to his conviction so as to have deprived him of his rights to effective assistance of counsel and to a fair trial.

---

[3] In its charge to the jury on possession of narcotics, the court stated: "Suffice it to say that possession in the sixth count is or has reference to the events at about 11:30 on the street and then for a brief period of time thereafter when, I believe, it's plain that the [petitioner] had possession of the narcotics but then discarded [them], whatever he had."

[4] The petitioner also claimed that his appellate counsel, senior assistant public defender Neal Cone, performed inadequately. This claim was denied by the habeas court and was not challenged on appeal.

[5] The petitioner characterizes this claim as one of "actual innocence." This court agrees with the habeas court that, instead, the claim raises an effectiveness of counsel issue. The fact that the witness was available and known to both the petitioner and Leil prior to the criminal trial precludes a claim of actual innocence because there is no new evidence raised here that was not taken into account during the jury trial. See *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 789, 700 A.2d 1108 (1997).

The habeas court denied the petition. It found that the first claim was precluded under the doctrine of res judicata by the decision of this court on direct appeal that the trial court's statement, though improper, was harmless error. The habeas court also found that the petitioner had not met his burden to provide evidence that (1) Rosado's testimony would have been exculpatory instead of cumulative, (2) it was not the petitioner's personal decision to proceed without Rosado, (3) independent testing of the substance would have altered the disposition of the case or (4) Leil's decision not to test the substance in question was deficient based on the theory of the defense. The petitioner now appeals from the judgment of the habeas court.

In this habeas appeal, the petitioner's three arguments in support of a finding of ineffective assistance of counsel duplicate those raised at the habeas trial. He argues that the court erred when it found that Leil did not render ineffective assistance of counsel by failing (1) to object to the trial court's improper comment, (2) to call a witness that might have aided the defense and (3) to have the narcotics tested or to present evidence regarding their odor. We agree with the habeas court that the petitioner cannot prevail on the second or third claims because the record does not demonstrate that his counsel's actions were deficient. While we disagree with the court's application of the doctrine of res judicata, we determine that the precluded claim fails as a matter of law and affirm the judgment denying the habeas petition.

As an initial matter, we set forth the standard of review. "Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of

whether the facts as found by the habeas court consti-
tuted a violation of the petitioner's constitutional right
to effective assistance of counsel is plenary. . . . The
habeas judge, as the trier of facts, is the sole arbiter of
the credibility of witnesses and the weight to be given
to their testimony. . . .

"In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104
S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States
Supreme Court established that for a petitioner to pre-
vail on a claim of ineffective assistance of counsel, he
must show that counsel's assistance was so defective
as to require reversal of [the] conviction. . . . That
requires the petitioner to show (1) that counsel's perfor-
mance was deficient and (2) that the deficient perfor-
mance prejudiced the defense. . . . Unless a
[petitioner] makes both showings, it cannot be said that
the conviction . . . resulted from a breakdown in the
adversary process that renders the result unreliable."
(Internal quotation marks omitted.) *Necaise* v. *Com-
missioner of Correction*, 112 Conn. App. 817, 820–21,
964 A.2d 562, cert. denied, 292 Conn. 911, 973 A.2d
660 (2009).

"[J]udicial scrutiny of counsel's performance must
be highly deferential. It is all too tempting for a defen-
dant to second-guess counsel's assistance after convic-
tion or adverse sentence, and it is all too easy for a
court, examining counsel's defense after it has proved
unsuccessful, to conclude that a particular act or omis-
sion of counsel was unreasonable. . . . A fair assess-
ment of attorney performance requires that every effort
be made to eliminate the distorting effects of hindsight,
to reconstruct the circumstances of counsel's chal-
lenged conduct, and to evaluate the conduct from coun-
sel's perspective at the time. Because of the difficulties
inherent in making the evaluation, a court must indulge
a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance;

that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 304, 995 A.2d 641, cert. denied, 297 Conn. 920, 996 A.2d 1192 (2010).

## I

The petitioner's first claim is that the habeas court erred in applying the doctrine of res judicata. Specifically, the petitioner argues that on direct appeal he challenged a due process violation by the court, a right arising from the fourteenth amendment and subject to harmless error analysis. In contrast, in his habeas petition, the petitioner claimed that he was denied his right to effective assistance of counsel, an altogether separate right, which arises under the sixth amendment and requires *Strickland* review. We agree with the petitioner that the doctrine of res judicata does not apply in the present case. Nonetheless, we conclude that the record shows that the petitioner's claim of ineffective assistance of counsel fails as a matter of law and that the denial of the petition was proper.[6]

## A

The petitioner cites *Kearney* v. *Commissioner of Correction*, 113 Conn. App. 223, 965 A.2d 608 (2009), to illustrate the limited application of res judicata to habeas proceedings.[7] "The doctrine of res judicata provides that a former judgment serves as an absolute bar

---

[6] "[I]t is axiomatic that [w]e may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 111 Conn. App. 138, 140 n.1, 958 A.2d 790 (2008), cert. denied, 290 Conn. 905, 962 A.2d 793 (2009).

[7] The petitioner also cites *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 644 A.2d 340 (1994). That case is easily distinguished from the present case because the court in *Mercer* dismissed the petition without any evidentiary hearing. In the present case, the petitioner was allowed to present evidence in support of his claims for relief. We are not persuaded that *Mercer* provides guidance in the present case.

to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made. . . . The doctrine . . . applies to criminal as well as civil proceedings and to state habeas corpus proceedings. . . . However, [u]nique policy considerations must be taken into account in applying the doctrine of res judicata to a constitutional claim raised by a habeas petitioner. . . . Specifically, in the habeas context, in the interest of ensuring that no one is deprived of liberty in violation of his or her constitutional rights . . . the application of the doctrine of res judicata . . . [is limited] to claims that actually have been raised and litigated in an earlier proceeding." (Internal quotation marks omitted.) Id., 233, quoting *Johnson* v. *Commissioner of Correction*, 288 Conn. 53, 66–67, 951 A.2d 520 (2008).

In *Kearney*, the doctrine of res judicata precluded a claim that was previously litigated fully and adjudicated on its merits in an *earlier habeas proceeding. Kearney* v. *Commissioner of Correction*, supra, 113 Conn. App. 233. Likewise, in the primary case it cites on this issue, *Johnson* v. *Commissioner of Correction*, supra, 288 Conn. 66, the principles of res judicata prevented a claim from being litigated where an identical claim was raised, argued and litigated in a *previous habeas trial.* Our courts have repeatedly applied the doctrine of res judicata to claims duplicated in successive habeas petitions filed by the same petitioner. See *Smith* v. *Commissioner of Correction*, 122 Conn. App. 637, 999 A.2d 840 (2010); *Myers* v. *Commissioner of Correction*, 111 Conn. App. 405, 959 A.2d 646 (2008); *Davis* v. *Commissioner of Correction*, 109 Conn. App. 92, 950 A.2d 587, cert. denied, 289 Conn. 930, 958 A.2d 157 (2008). In fact, the ability to dismiss a petition when it "presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition"

is memorialized in Practice Book § 23-29 (3). See also *Mejia* v. *Commissioner of Correction*, 98 Conn. App. 180, 908 A.2d 581 (2006), appeal dismissed after remand, 112 Conn. App. 137, 962 A.2d 148, cert. denied, 291 Conn. 910, 969 A.2d 171 (2009). Those cases and the rules of practice do not dispose of the issue in the present case because this petitioner's claim was not fully litigated in a prior habeas proceeding.

This court instead must be guided by precedent in which habeas review was precluded by res judicata in light of the litigation of a similar claim on *direct appeal*. In *Fernandez* v. *Commissioner of Correction*, 86 Conn. App. 42, 43, 859 A.2d 948 (2004), this court applied the principle of res judicata to a habeas appeal in which identical claims had been litigated on direct appeal. In that case, the petitioner, following conviction, filed an appeal, claiming that the trial court (1) denied him the right to counsel when it allowed his defense attorney to withdraw and (2) denied him the right to represent himself. *State* v. *Fernandez*, 254 Conn. 637, 639–40, 758 A.2d 842 (2000), cert. denied, 532 U.S. 913, 121 S. Ct. 1247, 149 L. Ed. 2d 153 (2001). The Supreme Court affirmed the judgment of conviction. Id. The petitioner sought habeas review of the *exact claims* that were raised on direct appeal, and the habeas court granted a motion to dismiss the petition, finding that the claims were precluded pursuant to the doctrine of res judicata. *Fernandez* v. *Commissioner of Correction*, supra, 44. This court affirmed the judgment of the habeas court, holding that there was "no difference (apart from slight variations in wording) between the claim raised, litigated and decided on direct appeal and that alleged at the habeas proceeding . . . ." Id., 46–47.

This court also found that an issue resolved on direct appeal was barred from consideration in a habeas proceeding under the doctrine of res judicata in *Faraday* v. *Commissioner of Correction*, 107 Conn. App. 769,

776–77, 946 A.2d 891 (2008). The habeas court cited *Faraday* in support of precluding the claim in the present case. In *Faraday*, the issue raised, litigated and decided on direct appeal was whether the court improperly canvassed the petitioner during the plea proceeding at issue. Id. The petitioner raised the identical claim in his habeas petition. The court held that "[t]his claim, having been resolved in the petitioner's direct appeal, is barred by the doctrine of res judicata and is not subject to collateral attack." Id.

In both *Fernandez* and *Faraday*, this court agreed that the principle of claim preclusion applied when *identical* claims were argued on direct appeal and habeas review. Those cases serve only in contrast to the present case. Unlike those cases, in which the claims were, without question, identical in substance, form and law, the petitioner in the present case challenged court impropriety in his direct appeal. He subsequently alleged ineffective assistance of counsel in his habeas petition, a different, albeit related, claim.[8]

Although the habeas court was correct that the deficiency of counsel claim bears a striking similarity to the claim of impropriety by the court raised on direct appeal, this is a separate claim, thus requiring separate legal analysis. On direct appeal, this court applied harmless error analysis in reviewing allegations that the petitioner's fourteenth amendment rights had been jeopardized by the trial court's improper comment. *State* v. *Diaz*, supra, 86 Conn. App. 252. The issue before this court now is reviewed through a different lens. In the present case, in accordance with the *Strickland* standard, the petitioner must demonstrate that there

---

[8] The petitioner did not, and could not, raise an effectiveness of counsel claim on direct appeal. Except in rare cases, a claim of ineffective assistance of counsel must be raised by way of habeas corpus, rather than by direct appeal. See *State* v. *Leecan*, 198 Conn. 517, 541–42, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986).

was a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. Nonetheless, the petitioner was allowed to argue ineffective assistance of counsel without constraint at the habeas proceeding, which provides us with a complete record for review. Therefore, we will proceed with a plenary review of the record, applying the familiar *Strickland* standard.

### B

"A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Citation omitted; internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 77, 967 A.2d 41 (2009). The record shows that the petitioner did not establish prejudice under the second prong of the *Strickland* test, and, therefore, the claim with respect to Leil's failure to object must be disposed of in its entirety.

It is here that we reflect on the interplay between the direct appeal and the habeas appeal. Despite the fact that we found that the claims are not the same for the application of res judicata, they are indisputably related. This court's finding on direct appeal that the trial court's statement was harmless error; *State* v. *Diaz*, supra, 86 Conn. App. 259; while not dispositive, is persuasive. In light of our holding that the court's comment was harmless error, it would be a significant hurdle for the petitioner to convince us that there is a reasonable probability that the outcome would have been different if Leil had objected to that comment.[9]

---

[9] To the extent that the petitioner's argument suggests that our original decision that the court's statement constituted harmless error should be overruled, this is not within the province of a three judge panel of the

Our holding that the comment was harmless error rested on (1) the court's exhaustive instructions to the jury that it was solely within its province to find the facts, (2) counsel's failure to object and (3) the substantial evidence before the jury from which it could have reached its verdict. The petitioner draws our attention to the direct appeal, in which we initially noted that "[w]here counsel . . . seeks to raise on appeal a potential defect in the jury charge which he did not raise at trial, his silence at trial is a powerful signal that, because of the posture of the case, he did not hear the defect in the harmful manner which he presses on appeal, or even if he did so hear it, he did not deem it harmful enough to press in the trial court. When the principal participant in the trial whose function it is to protect the rights of his client does not deem an issue harmful enough to press in the trial court, the appellate claim that the same issue clearly deprived the defendant of a fundamental constitutional right and a fair trial . . . is seriously undercut." (Internal quotation marks omitted.) Id., 254.

The petitioner contends that at the habeas trial, Leil testified that he did not hear the comment. He argues, therefore, that this court's previous ruling cannot influence our present habeas review because we used Leil's failure to object to support the finding of harmless error. The petitioner introduced the following exchange:

"Craig Barton [the petitioner's habeas attorney]: And do you recall the statement that as to the sixth count, it's plain that the [petitioner] has possession of the narcotics but then discarded them?

---

Appellate Court. We note that "this court's policy dictates that one panel should not, on its own, [overrule] the ruling of a previous panel. The [overruling] may be accomplished only if the appeal is heard en banc." (Internal quotation marks omitted.) *Boccanfuso* v. *Conner*, 89 Conn. App. 260, 285 n.20, 873 A.2d 208, cert. denied, 275 Conn. 905, 882 A.2d 668 (2005). The record confirms that an en banc review was not requested.

"Leil [the petitioner's trial attorney]: I did not hear that.

"Barton: You did not hear that?

"Leil: I don't recall hearing that.

"Barton: Okay. Had—so, you did not, you did not object to that instruction?

"Leil: I didn't hear the instruction.

"Barton: So, the answer is, you did not object?

"Leil: I did not object to that, yes."

The petitioner interprets Leil's responses to mean that the comment was not audible. The state argues that this testimony shows that Leil did not recall the comment.

Our previous ruling indicated three grounds for concluding that the trial court's comment, while improper, was harmless error. This was not a list of elements or factors required to conclude that the comment amounted to harmless error. It was merely a review of all of the pieces of evidence that informed our decision. Even if we were to resolve any ambiguity regarding counsel's perception of the comment in favor of the petitioner, we would still find compelling the repeated clarification in the jury instructions and the abundance of evidence against the petitioner. The petitioner has presented no evidence in the habeas record undermining those other facets of our reasoning on direct appeal. Therefore, we disagree that Leil's failure to hear the comment undermines the finding on direct appeal, and we allow our previous finding of harmless error to influence the present prejudice inquiry.

Independent of our previous ruling, the record shows that the petitioner's claim fails completely under the *Strickland* prejudice prong. The record reflects that the

petitioner did not provide any evidence that, absent Leil's failure to object, there is a reasonable probability that the result of the petitioner's trial would have been different. When asked directly at oral argument what the result would have been had Leil objected, counsel was unable to suggest what additional or different curative instructions could have been issued.[10] The petitioner, therefore, has not shown that had Leil objected, the judgment of conviction would not have been rendered.

In light of the petitioner's failure to show prejudice as a result of counsel's silence, we conclude as a matter of law that the petitioner failed to prove ineffective assistance of counsel with respect to the failure to object.

## II

The petitioner also claims that the habeas court erred in finding that he was not rendered ineffective assistance of counsel despite Leil's failure to call a witness, Rosado. We agree with the habeas court that the petitioner failed to prove that Leil's performance was deficient under the first prong of *Strickland*. Leil testified that he made a professional assessment that Rosado was unnecessary to the petitioner's case and that this decision was approved by the petitioner when he directed Leil to "go ahead" without Rosado.[11] The

---

[10] See *Diaz* v. *Commissioner of Correction*, supra, 86 Conn. App. 254 n.6, 255 n.7. The court told the jury exhaustively that it was the sole finder of fact and that no statements made by the court or attorneys should suggest otherwise, and properly instructed the jury that it had to find that the state proved each element beyond a reasonable doubt.

[11] At the criminal trial, the following relevant colloquy occurred:

"Leil [the petitioner's trial attorney]: Well, I had discussions with [the petitioner] about the fruitfulness of [postponing the trial to spend more time searching for witness Rosado] . . . and [the petitioner's] desire [is] to proceed today. Basically, he's determined that we should just go ahead. He wants to get this taken care of, and, so, you know, on balance, we feel that we should just proceed today with what we got.

"The Court: In other words, your client is indicating that he does not wish you to devote any more time in trying to locate these people.

habeas court's decision states that the record indicates that the "petitioner apparently did not feel that Rosado was integral to his defense at the time of trial and cannot now credibly come forward and claim that his attorney was ineffective for failing to call Rosado . . . ." We agree.

We need not reach the issue of whether the petitioner proved prejudice under *Strickland* because the record does not provide evidence that Leil was deficient in his search for Rosado or in his tactical decision to proceed, with the approval of his client.

### III

Finally, the petitioner claims that trial counsel rendered ineffective assistance by failing to require an independent test of the substance in question. At the habeas trial, Leil testified that the theory of defense in the criminal trial was that a confidential informant who claimed he had purchased drugs from the petitioner in fact brought the drugs to the scene. Therefore, Leil suggested that an independent test of the drugs or a claim that the substance was not illegal would have undermined the credibility of the defense claim that the confidential informant was a "dope fiend . . . ." Leil also stated he had no doubt that the substance was an illegal drug.

We agree with the habeas court's determination that the petitioner failed to show deficient performance because the decision not to pursue independent testing was consistent with the theory of defense and because there was no indication "whatsoever" that had an independent test been done, the substance in question would have been revealed as anything other than a narcotic substance.

---

"Leil: That's correct.

"The Court: Do you concur with that . . . ?

"The Petitioner: Yes, Your Honor."

The petitioner argues throughout his brief that the cumulative effect of the three issues raised shows ineffective assistance of counsel. This claim is without merit. Both this court and our Supreme Court have declined to recognize such a claim. See *Adorno* v. *Commissioner of Correction*, 66 Conn. App. 179, 195 n.7, 783 A.2d 1202, cert. denied, 258 Conn. 943, 786 A.2d 428 (2001); see also *State* v. *Tillman*, 220 Conn. 487, 505, 600 A.2d 738 (1991), cert. denied, 505 U.S. 1207, 112 S. Ct. 3000, 120 L. Ed. 2d 876 (1992).

We find nothing in the record showing that absent the alleged deficient performance, there is a reasonable probability that the decision would have come out differently. Therefore, we agree with the habeas court that the petitioner failed to prove that Leil rendered ineffective assistance in violation of his constitutional rights.

The judgment is affirmed.

In this opinion the other judges concurred.