******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

FLYNN, J., concurring. I concur in the reasoning and result reached in part II B of the majority opinion dealing with the second count. In light of the lengthy procedural history set out by the majority, I fully concur that the petitioner has received fair treatment. The petitioner makes the same exact claims for relief in both his first and second counts. The habeas court held that that relief was barred as to the second count because the petition was successive and barred by that prong of the res judicata doctrine that prevents raising again matters that have already *actually* been decided in an earlier proceeding. I agree with the habeas court and the majority.

As to part II A, the petitioner has sought substantially the same relief in both the third and fourth petitions; he cannot now get a new bite at the apple by attaching a new violation of due process label to an old ineffectiveness claim. Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition." I would sustain the habeas court's remaining judgment on that ground.

In the first count, the petitioner claims that he was deprived of due process of law because the sentencing court relied on privileged information contained in his psychiatric records when it sentenced him. In the second count, the petitioner claims that his trial counsel rendered ineffective assistance by failing to object to the sentencing court's use of the privileged information in the petitioner's psychiatric records. Although the petitioner in his prior habeas petition did not claim a resulting due process violation arising out of the sentencing court's use of his psychiatric information, he does so in the first count of this fourth petition.

The habeas court dismissed the fourth petition as to the first count because it had been procedurally defaulted by virtue of the petitioner's failure to raise it in any of his prior petitions. I write separately because, in light of the inconsistency of our jurisprudence permitting a "procedural default" defense in "failure to raise" cases when the petitioner cannot show cause and prejudice, but barring a res judicata defense on the same "failure to raise" grounds in habeas cases,[1] I would affirm the judgment of the habeas court on the alternate ground of Practice Book § 23-29 (3)—namely, that the petitioner has merely attached a new label to an old ineffectiveness claim without any new factual basis not

already litigated and has failed to state any new facts to warrant relief not reasonably available to him at the time of the hearing on his prior petition. See *Alvarado* v. *Commissioner of Correction*, 153 Conn. App. 645, 646, 103 A.3d 169 ("[u]nder Connecticut law, a successive habeas petition is subject to summary dismissal without a hearing only when the successive petition is premised on the same legal ground, seeks the same relief, and is not supported by allegations and facts that were not reasonably available to the petitioner at the time of the original petition"), cert. denied, 315 Conn. 910, 105 A.3d 901 (2014); *Iasiello* v. *Manson*, 12 Conn. App. 268, 272, 530 A.2d 1075 (holding that petitioner must "show that his [petition] does, indeed, involve a different legal ground, not merely a verbal reformulation of the same ground" as in a prior petition), cert. denied, 205 Conn. 811, 532 A.2d 586 (1987).

The habeas court's findings are consistent with dismissal pursuant to Practice Book § 23-29 (3). The habeas court found that, with respect to the petitioner's second count, "[t]he factual bases asserted have been readily available to the petitioner at the time of all three of his prior habeas corpus petitions. Nothing the petitioner asserts is remotely describable as newly discovered evidence and the petitioner quite clearly could have previously raised and litigated the claimed ineffective assistance premised on the allegations in the first claim." It is undisputed that the petitioner had waived any confidentiality claim as to his psychiatric records in the presentence investigation report compiled for a prior sentencing. He never alerted the court to any such claim of confidentiality as to the presentence investigation report used in his later sentencing that resulted in these successive habeas petitions. The court also found that "the dismissal of the first claim is inextricably linked to the viability of the amended petition's second claim, and a dismissal of the second claim by necessity incorporates a dismissal of the first claim." I agree with the court's determination of that inextricable link.

If endless successive petitions are to be permitted by petitioners essentially raising the same sixth amendment deprivation of the right to effective counsel but attaching a reference to some new resulting breach of some constitutional right, the remedy of the "great writ" for some will become lost in a sea of such successive petitions brought by others.

[1] See Practice Book § 23-30, which provides in relevant part: "(a) The respondent shall file a return to the petition . . . (b) The return shall respond to the allegations of the petition and shall allege any facts in support of any claim of procedural default, abuse of the writ, or any other claim that the petitioner is not entitled to relief"; *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 567, 941 A.2d 248 (2008) ("[w]hen a respondent seeks to raise an affirmative defense of procedural default, the rules of practice require that he or she must file a return to the habeas petition 'alleg[ing] any facts in support of any claim of procedural default . . . or any other claim that the petitioner is not entitled to relief' "); see also *Diaz* v. *Commissioner of Correction*, 125 Conn. App. 57, 64, 6 A.3d 213 (2010) (noting that "in the habeas context . . . the application of the doctrine of

res judicata  .  .  .  [is limited] to claims that actually have been raised and litigated in an earlier proceeding" [internal quotation marks omitted]), cert. denied, 299 Conn. 926, 11 A.3d 150 (2011).

————————————————